| | |
|---|---|
| COOLEY LLP<br>HEIDI L. KEEFE (178960)<br>(hkeefe@cooley.com)<br>DENA CHEN (286452)<br>(dchen@cooley.com)<br>ALEXANDRA LEEPER (307310)<br>(aleeper@cooley.com)<br>LAUREN J. KRICKL (305379)<br>(lkrickl@cooley.com)<br>3175 Hanover Street<br>Palo Alto, California  94304-1130<br>Telephone:   (650) 843 5000<br>Facsimile:   (650) 849 7400 | COOLEY LLP<br>MICHAEL G. RHODES (116127)<br>(rhodesmg@cooley.com)<br>101 California Street, 5th Floor<br>San Francisco, California 94111-5800<br>Telephone:   (415) 693 2000<br>Facsimile:   (415) 693 2222 |

Attorneys for Defendant
NIANTIC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NANTWORKS, LLC,<br>NANT HOLDINGS IP, LLC,<br><br>  *Plaintiffs*,<br><br>v.<br><br>NIANTIC, INC.,<br><br>  *Defendant*. | Case No. 3:20-CV-06262-LB<br><br>Magistrate Judge Laurel Beeler<br><br>**NIANTIC'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)**<br><br>DATE:   March 18, 2021<br>TIME:    9:30 a.m.<br><br>Courtroom B – 15th Floor<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:  PLEASE TAKE NOTICE that on **March 18, 2021, at 9:30 a.m.**, or as soon thereafter as the motion may be heard, in the courtroom of the Honorable Laurel Beeler, located at Courtroom B – 15th Floor, San Francisco Courthouse at 450 Golden Gate Ave., San Francisco, CA 94102, Defendant Niantic, Inc. ("Niantic") will and hereby does move the Court to dismiss the claims of indirect infringement based on pre-suit notice in Plaintiffs' Second Amended Complaint ("SAC") (Dkt. 39) with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).  The motion is based upon this Notice, the Memorandum of Points and Authorities, the pleadings, all matters of which the Court may take judicial notice, and any other argument or evidence that may be presented in support of this Motion.

**STATEMENT OF RELIEF REQUESTED**

This motion seeks to dismiss the pre-suit indirect infringement claims of the two patents-in-suit (U.S. Patent Nos. 10,403,051 ("'051 patent") and 10,664,518 ("'518 patent")) for failure to plead pre-suit notice.  Defendant Niantic requests that this Court dismiss with prejudice Plaintiffs' allegations of pre-suit indirect infringement in Counts I-II and ¶¶ 17, 49, and 58-64 of the SAC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should dismiss with prejudice the pre-suit indirect infringement claims. Despite twice amending their claims, Plaintiffs continue to allege **no facts** that Niantic had any pre-suit knowledge of the patents-in-suit.

## II. BACKGROUND AND STATEMENT OF FACTS

Plaintiffs filed this lawsuit on September 3, 2020. (Dkt. 1.) On October 6, Plaintiffs filed a First Amended Complaint. (Dkt. 20 ("FAC").) The FAC added conclusory allegations relating to indirect and willful infringement. (*E.g.*, FAC, ¶¶ 94-95, 113-114, 137-138.)

Niantic moved to dismiss, among other things, the allegations of willful and pre-suit indirect infringement. (Dkt. 23 ("Motion to Dismiss").) The Court granted Niantic's Motion to Dismiss, but gave Plaintiffs leave to amend their claims of indirect and willful infringement. (Dkt. 35 (the "Order") at 14 ("The court dismisses the pre-suit induced infringement claims and the willfulness claims.... NantWorks must file any amended complaint within 30 days.").)

Plaintiffs filed a SAC. (Dkt. 39.) The SAC removed any allegations of willful infringement, but added a few speculative and conclusory statements in paragraphs 17 and 49. (Dkt. 41 (blackline comparing FAC and SAC).) The SAC remains devoid of any allegations that Niantic had pre-suit knowledge of the patents-in-suit.

## III. LEGAL STANDARDS

A dismissal under Fed. R. Civ. P. 12(b)(6) is proper where, as here, there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Windy City Innovations v. Microsoft*, 193 F. Supp. 3d 1109, 1112 (N.D. Cal. 2016) (Gonzalez Rogers, J.) (citations omitted). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). Courts do not assume facts not alleged, nor do they draw unwarranted inferences, but should draw on their common sense and judicial experience. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

IV.   **THE PRE-SUIT INDIRECT INFRINGEMENT CLAIMS SHOULD BE DISMISSED.**

   A.   **The SAC fails to allege pre-suit induced infringement.**

To plead induced infringement under 35 U.S.C. § 271(b), the plaintiff must plead specific facts sufficient to show, if proven true, that the alleged infringer had "knowledge that the induced acts constitute patent infringement." *Global Tech Appliances v. SEB S.A.*, 563 U.S. 754, 766 (2011).  These specific facts must show that the defendant had actual knowledge of or was willfully blind to (1) the existence of the patent that is allegedly infringed, and (2) that the defendant's acts were inducing infringement of that patent. *Commil USA v. Cisco Sys.*, 135 S. Ct. 1920, 1926-28 (2015) (induced infringement "requires proof the defendant knew the acts were infringing" in addition to knowledge of the existence of the patents); *Global-Tech*, 563 U.S. at 765-66 (induced infringement, like contributory infringement, requires "knowledge that the induced acts constitute patent infringement" or at least "willful blindness" to the likelihood of infringement).

Like the FAC, the SAC fails to allege **any facts** that Niantic had pre-suit knowledge of the **patents-in-suit**, let alone of their alleged infringement thereof.  Instead, the SAC asks this Court to infer Niantic's pre-suit knowledge based on speculation about two former Google employees' knowledge of supposedly **related** patent applications and patents. (SAC, ¶ 49.)  These allegations merely reframe the same speculation that the Court already found inadequate in the FAC. (*See* Order at 13.)

The entirety of Plaintiffs allegations of pre-suit knowledge are contained in the following two conclusory paragraphs:

> 17.   At that time [December 2012], Fourth Wall Studios was an affiliate of Plaintiff NantWorks and two of its executives were Jim Stewartson and Elan Lee.  Messrs. Stewartson and Lee were aware of intellectual property being developed and patented by NantWorks and its affiliates, including but not limited to AR technologies and other digital entertainment technologies.  For example, while at Fourth Wall Studios (prior to joining Niantic division of Google), Stewartson had been involved in the development and/or testing of the "Scavenger Hunt" AR game discussed above (also internally called "Captify"), as well as a fantasy AR game called "Cathedral" and other digital entertainment technologies.
>
> …

> 49. By 2014, the Niantic division of Google had hired several former employees of Fourth Wall Studios, including Jim Stewartson and Elan Lee. As former executives for Fourth Wall Studios, Stewartson and Lee had knowledge of augmented reality technology being developed and patented by NantWorks. On information and belief, Messrs. Stewartson and Lee were involved in the development of the Pokémon Go App and disclosed one or more patents and patent applications of Plaintiffs, including related patents and patent applications of the '051 and '518 Patent.

(SAC, ¶¶ 17, 49; *see also* Dkt. 41 (blackline).)

Markedly absent from the SAC is any allegation that Mr. Stewartson or Mr. Lee knew of the patents-in-suit in 2014. Indeed, they could not have known of either patent-in-suit, as the patents did not issue until **over five years later**: The '051 patent issued on September 3, 2019 and the '518 patent issued on May 26, 2020. (Dkt. 1-1 (Ex. A, '051 patent), Dkt. 1-3 (Ex. C, '518 patent).) Nor could Mr. Stewartson or Mr. Lee have known even of the patent applications for the patents-in-suit as these were not filed until **four years later**: The application that resulted in the '051 patent was filed on November 9, 2018, and the application that resulted in the '518 patent was filed on October 23, 2018. (*Id.*)

Given the impossibility that either Mr. Stewartson or Mr. Lee knew of the patents-in-suit by 2014, the SAC asks the Court to engage in essentially the same speculation that the Court already found insufficient in the FAC. Plaintiffs' theory would require the Court to make the unsupported inference that Niantic learned of patents issued in 2019 and 2020 from unidentified patent applications filed in 2018 based on information conveyed in 2014 from former employees of a NantWorks affiliate in 2012. This timeline does not make sense and does not plausibly allege pre-suit knowledge of the patents-in-suit.

Compounding these pleading deficiencies, Plaintiffs allegations do not support the inference that Mr. Stewartson and/or Mr. Lee had knowledge in 2014 of NantWorks' patent portfolio (which, again, included neither the patents-in-suit nor their applications). The SAC does not identify any specific NantWorks patents or patent applications of which Mr. Stewartson and/or Mr. Lee had supposed knowledge. Instead, the SAC alleges generally that Mr. Stewartson and Mr. Lee were aware of "technologies" for which NantWorks allegedly sought patents, but it does not allege that either Mr. Stewartson or Mr. Lee was specifically aware of NantWorks' patent portfolio

or patenting efforts. (*See* SAC ¶ 49 ("As former executives for Fourth Wall Studios, Stewartson and Lee had knowledge of augmented reality technology being developed and patented by NantWorks."); *see also* SAC ¶ 17.) Notably, neither Mr. Stewartson nor Mr. Lee was a NantWorks employee—rather, both worked for NantWorks affiliate Fourth Wall Studios. (SAC ¶¶ 17, 49.)

Thus, NantWorks' allegations require the Court to additionally infer that two employees of an affiliate company were aware of NantWorks'—not the affiliate's—patenting activities, and to further infer that those unidentified patents or patent applications were sufficiently "related" to the later-filed patents-in-suit to support an allegation of pre-suit knowledge. (*See* SAC ¶ 49.) Like the allegations of the FAC, "[t]his is speculation and does not plausibly plead pre-suit notice." (Order at 13.) *See also Software Research v. Dynatrace*, 316 F. Supp. 3d 1112, 1133-35 (N.D. Cal. 2018) (Chen, J.) (dismissing allegations of induced infringement based on pre-filing conduct where facts alleged in complaint did not form "a plausible basis from which [defendant's] pre-complaint knowledge [of the patents-in-suit] may reasonably be inferred"); *Radware v. A10 Networks*, No. 13-2021, 2013 WL 5373305, at *2-4 (N.D. Cal. Sept. 24, 2013) (Whyte, J.) (dismissing claims for indirect infringement based on pre-suit activity where plaintiff "fails to plead *actual* notice of the patents-in-suit and infringement thereof, including the accused products, prior to the filing of the lawsuit"); *Nazomi Commc'ns v. Nokia*, No. 10-4686, 2011 WL 2837401, at *2-3 (N.D. Cal. July 14, 2011) (Fogel, J.) (conclusory allegations that defendant "'actively and knowingly' induced end-users to infringe the patents in suit" insufficient to survive motion to dismiss).

Plaintiffs' pre-suit indirect infringement claims should therefore be dismissed, because the SAC, like the FAC, fails to allege any pre-suit knowledge of the patents-in-suit.

**B.  The pre-suit indirect infringement claims should be dismissed with prejudice because further amendment would be futile.**

The Court should dismiss Plaintiffs' pre-suit indirect infringement claims with prejudice. Dismissal without leave to amend is appropriate where there has been "repeated failure to cure deficiencies by amendments previously allowed" or where further amendment would be futile. *See Eminence Capital v. Aspeon*, 316 F.3d 1048, 1052 (9th Cir. 2003). Both reasons apply here. Plaintiffs have had multiple opportunities to allege pre-suit knowledge of the patents-in-suit and

infringement thereof, and each time they have put forward a variation on the same theory that Niantic's pre-suit knowledge of patents filed in 2018 derived from two former Google employees' work at a NantWorks affiliate before 2014. (*Compare* Complaint ¶ 58, *with* FAC ¶ 58, *and* SAC ¶¶ 17, 49.) Plaintiffs have been unable to allege any facts to support an inference of pre-suit knowledge based upon this speculative theory. Given that Plaintiffs have already twice amended their claims—including in response to this Court's Order dismissing their prior allegations of pre-suit knowledge—further amendment would be futile.

## V.   CONCLUSION

Niantic respectfully requests that the Court dismiss with prejudice Plaintiffs' allegations of pre-suit indirect patent infringement in Counts I-II and ¶¶ 17, 49, and 58-64 of the SAC.

Dated:  February 9, 2021                                        COOLEY LLP

/s/ Heidi L. Keefe
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
DENA CHEN (286452)
(dchen@cooley.com)
ALEXANDRA LEEPER (307310)
(aleeper@cooley.com)
LAUREN J. KRICKL (305379)
(lkrickl@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:   (650) 843 5000
FACSIMILE:  (650) 849 7400

COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone:   (415) 693 2000
Facsimile:    (415) 693 2222

*Attorneys for Defendant Niantic, Inc.*