DIAMOND McCARTHY LLP
Matthew K. Blackburn (CSB No. 261959)
mblackburn@diamondmccarthy.com
Evan Boetticher (CSB No. 274377)
evan.boetticher@diamondmccarthy.com
150 California Street, Suite 2200
San Francisco, California 94111
Telephone: 415.692.5200
Facsimile 415.263.9200

Allan B. Diamond (*pro hac vice*)
adiamond@diamondmccarthy.com
John B. Sample, IV (*pro hac vice*)
john.sample@diamondmccarthy.com
909 Fannin Street, 37th Floor
Houston, Texas 77010
Telephone: 713.333.5100
Facsimile 713.333.5199

*Attorneys for Plaintiffs NANTWORKS, LLC
and NANT HOLDINGS IP, LLC*

COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
DENA CHEN (286452)
(dchen@cooley.com)
ALEXANDRA LEEPER (307310)
(aleeper@cooley.com)
LAUREN J. KRICKL (305379)
(lkrickl@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:    (650) 843 5000
Facsimile:    (650) 849 7400

MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone:    (415) 693 2000
Facsimile:    (415) 693 2222

*Attorneys for Defendant
NIANTIC, INC.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NANTWORKS, LLC,<br>NANT HOLDINGS IP, LLC,<br><br>        *Plaintiffs*,<br><br>    v.<br><br>NIANTIC, INC.,<br><br>        *Defendant*. | Case No. 3:20-CV-06262-LB<br><br>Magistrate Judge Laurel Beeler<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

1      **1.      PURPOSES AND LIMITATIONS**

2              Disclosure and discovery activity in this Action are likely to involve production of

3      confidential, proprietary, or private information for which special protection from public

4      disclosure and from use for any purpose other than prosecuting this Action may be warranted.

5      Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated

6      Protective Order. The Parties acknowledge that this Order does not confer blanket protections on

7      all disclosures or responses to discovery and that the protection it affords from public disclosure

8      and use extends only to the limited information or items that are entitled to confidential treatment

9      under the applicable legal principles.

10             It is the intent of the Parties that information will not be designated as confidential

11     for tactical reasons and that nothing be so designated without a good faith belief that it has been

12     maintained in a confidential, non-public manner, and there is good cause why it should not be

13     part of the public record of this Action.

14             The Parties further acknowledge, as set forth in Section 14.4, below, that this

15     Stipulated Protective Order does not entitle them to file confidential information under seal; Civil

16     Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be

17     applied when a party seeks permission from the court to file material under seal.

18     **2.      DEFINITIONS**

19             **2.1     Action**: this pending federal lawsuit, *NantWorks, L.L.C. et al. v. Niantic,*

20     *Inc.*, 3:20-CV-06262-LB.

21             **2.2     Challenging Party:** a Party or Non-Party that challenges the designation

22     of information or items under this Order.

23             **2.3     Computer Code**: scripts, assembly, binaries, object code, source code

24     listings and descriptions of source code, object code listings, and descriptions of object code.

25             **2.4     "CONFIDENTIAL" Information or Items:** any trade secret or other

26     confidential research, development, or commercial information (regardless of how it is generated,

27     stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil

28

Procedure 26(c)(1)(G), or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available.

**2.5**   **Counsel (without qualifier):** Outside Counsel of Record and House Counsel (as well as their support staff).

**2.6**   **Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – CODE."

**2.7**   **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

**2.8**   **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

**2.9**   **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:** extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**2.10**   **"HIGHLY CONFIDENTIAL – CODE" Information or Items:** extremely sensitive "Confidential Information or Items" representing Computer Code (including both human-readable source code and machine-readable binary code) and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software designs/source code, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**2.11    Highly Confidential Information or Items:** Any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items or "HIGHLY CONFIDENTIAL – CODE" Information or Items.

**2.12    House Counsel:** attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.13    Non-Party**: any natural person, partnership, corporation, association, or other legal or non-legal entity not named as a Party to this Action.

**2.14    Outside Counsel of Record:** attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.15    Party**: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs). "Parties" means collectively plaintiffs Nantworks, LLC and Nant Holdings IP, LLC and defendant Niantic, Inc.

**2.16    Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.17    Professional Vendor**s: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.18    Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – CODE."

**2.19    Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.**          **SCOPE**

        **3.1**          The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

        **3.2**          However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party prior to the disclosure if the Receiving Party obtained the information lawfully and under no obligation of confidentiality to the Designating Party; and (c) any information obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

        **3.3**          Any use of Protected Material at trial shall be governed by a separate agreement or order of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

**4.**          **DURATION**

        **4.1**          Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. For a period of six months after final disposition of this Action, this Court will retain jurisdiction to enforce the terms of this Order.

**5.**          **DESIGNATING PROTECTED MATERIAL**

       **5.1**      **Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

       If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly (i) notify all other Parties that it is withdrawing the inapplicable designation, and (ii) re-designate or de-designate the information or items as appropriate.

       **5.2**      **Manner and Timing of Designations**. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

       Designation in conformity with this Order requires:

              (a)      for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – CODE" to each page that contains protected material in a manner that will not interfere with legibility, including page numbering. If only a portion or portions of the material on a page qualifies for protection, the

Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins), to the extent practicable and must specify, for each portion, the level of protection being asserted. Where compliance with this paragraph is not practicable due to the form of the document (e.g., Excel spreadsheets), the Party must affix the applicable legend to a coversheet or placeholder document associated with the document.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) to the extent practicable and must specify, for each portion, the level of protection being asserted. Where compliance with this paragraph is not practicable due to the form of the document (e.g., Excel spreadsheets), the Party must affix the applicable legend to a coversheet or placeholder document associated with the document.

(b)     for testimony given in deposition or in other pretrial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to twenty-one (21) calendar days to identify to the Receiving Party in writing

1    the specific portions of the testimony (by page(s) and line(s)) as to which protection is sought and

2    to specify the level of protection being asserted. Only those portions of the testimony that are

3    appropriately designated for protection within the twenty-one (21) calendar days shall be covered

4    by the provisions of this Stipulated Protective Order.  Any portion of the testimony not so

5    designated pursuant to this Section shall not be treated as confidential.

6            To the extent practical, Parties shall give the Designating Party notice if they

7    reasonably expect a deposition, hearing or other proceeding to include Protected Material so that

8    the Designating Party can ensure that only authorized individuals are present at those

9    proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its

10   designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

11   ONLY," or "HIGHLY CONFIDENTIAL – CODE."

12           Transcripts containing Protected Material shall have an obvious legend on the title

13   page that the transcript contains Protected Material, and the title page shall be followed by a list

14   of all pages (including line numbers as appropriate) that have been designated as Protected

15   Material and the level of protection being asserted by the Designating Party. The Designating

16   Party shall inform the court reporter of these requirements. Any transcript that is prepared before

17   the expiration of a 21-day period for designation shall be treated during that period as if it had

18   been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety

19   unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as

20   actually designated.

21                   (c)      for information produced in some form other than documentary and

22   for any other tangible  items, that the Producing Party affix in a prominent place on the exterior of

23   the container or containers in which the information or item is stored the legend

24   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

25   "HIGHLY CONFIDENTIAL – CODE." If only a portion or portions of the information or item

26   warrant protection, the Producing Party, to the extent practicable, shall identify the protected

27   portion(s) and specify the level of protection being asserted.

28

**5.3     Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Promptly after discovering an inadvertent failure to properly designate qualified information or items, the Designating Party shall provide written notice to the Receiving Party, and shall furnish the Receiving Party with replacement pages with the appropriate alternative designation(s). Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, and shall return or destroy the improperly designated material and certify in writing to the Designating Party that it has done so.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1     Timing of Challenges**. Any Party or Non-Party who objects to any designation of confidentiality (the Challenging Party) may challenge a designation of confidentiality at any time before the trial of this Action. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2     Meet and Confer**. The Challenging Party shall initiate the dispute resolution process by providing written notice to the Designating Party and all Parties to this Action of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) calendar days of the date of service of the written notice from the Challenging Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to

reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first, including engaging in voice to voice dialogue, or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

   **6.3**  **Judicial Intervention**. If the Challenging Party and the Designating Party cannot resolve a challenge without court intervention, the parties shall comply with the undersigned's Standing Order, Section III.4 ("Expedited Procedures for Discovery Disputes."). Any joint letter brief related to this provision must be accompanied by a competent declaration affirming that the Parties have complied with the meet and confer requirements imposed by the preceding paragraph and the separate Standing Order requirements.

   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. The Designating Party waives confidentiality if a confidentiality designation remains disputed for 4 weeks without either Party attempting to seek judicial intervention (subject to any extensions agreed to by the Challenging Party); otherwise, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the court rules on the challenge.

   **7.**  **ACCESS TO AND USE OF PROTECTED MATERIAL**

   **7.1**  **Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2     Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and no more than two employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters, videographers, and their staff;

(f)     professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h)     persons who the Protected Material itself indicates, or whom the Receiving Party has a good-faith basis to believe, were the author, addressee, recipient, custodian,

or source of a document containing the information; or other person who otherwise possessed or knew the information; and

        (i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

        **7.3**     **Disclosure of "Highly Confidential" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – CODE" only to:

        (a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

        (b)     Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4(a)(2), below, have been followed;

        (c)     the court and its personnel;

        (d)     court reporters, videographers, and their staff;

        (e)     professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (f)     persons who the Protected Material itself indicates, or whom the Receiving Party has a good-faith basis to believe, were the author, addressee, recipient, custodian, or source of a document containing the information; or other person who otherwise possessed or knew the information; and

        (g)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

**7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL" Information or Items to Experts**.

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – CODE" pursuant to Section 7.3(b) by another Party first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraph may disclose the subject Protected Material to the identified Expert unless, within seven (7) calendar days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) calendar days of the written objection. If no agreement is reached, the Parties shall comply with the undersigned's Standing Order, Section III.4 ("Expedited Procedures for Discovery Disputes."). Any joint letter brief shall affirm compliance

---

[1]  If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

with both the terms of Section 7.4 in this protective order and subsequent compliance with the meet-and-confer requirements in the Standing Order. Any such joint letter brief must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such joint letter brief must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**7.5**     Nothing in this Order limits a Designating Party's use or disclosure of its own Protected Material.

## 8.     PROSECUTION BAR

**8.1**     Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –CODE" information shall not be involved in the prosecution of patents or patent applications relating to augmented reality, mobile gaming, video gaming, computer vision, and/or location centric experiences  (collectively, the "Field of Technology"), including without limitation the patents asserted in this Action and any patent or application claiming priority to or otherwise related to the patents asserted in this Action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").

**8.2**     For purposes of this Section 8, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting (i) the scope of patent claims, (ii) strategies for advancing a patent application through examination, such as which arguments to present to any examiner, which procedures of a foreign or domestic agency to invoke or utilize, whether to expedite or delay examination proceedings, which claims should be added or cancelled, etc., (iii)

the filing of applications, including provisional applications, PCT applications, non-provisional applications, continuing or related applications (e.g., continuations, continuations-in-part, divisional applications, applications claiming priority under the Paris Convention, or any other type of continuing or related application), design patent applications, or any other type of patent application, or (iv) payment of maintenance fees, annuities, renewal fees, or other fees necessary to maintain the pendency of an application or active term of a patent.  To avoid any doubt, "prosecution" as used in this Section 8 does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination) or defending a patent before a domestic or foreign agency (including, but not limited to in opposition or review proceedings such as *inter partes* review, post grant review, derivation, covered business method proceeding) so long as counsel is prohibited from assisting in any crafting or amending of patent claims.

**8.3**     This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –CODE" information is first received by the affected individual and shall end two (2) years after final disposition of this Action.

**8.4**     The Parties expressly agree that the prosecution bar set forth herein shall be personal to any attorney who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – CODE" information and shall not be imputed to any other persons or attorneys at the Counsel's law firm. Further, nothing in this Section 8 shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.

**8.5**     To ensure compliance with the purpose of this provision and while the prosecution bar set forth herein is in effect, any individuals who has or is prosecuting any patents or patent application anywhere in the world pertaining to the Field of Technology on or after September 3, 2020, may not work on or other otherwise be involved in this Action, and those

persons who access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –CODE" information shall not communicate about or provide any individuals who prosecute any patents or patent application pertaining to the Field of Technology with "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL – CODE" information.

**9.      COMPUTER CODE**

**9.1**     To the extent production of Computer Code becomes necessary in this Action, a Producing Party may designate such Computer Code as "HIGHLY CONFIDENTIAL – CODE" if it comprises or includes confidential, proprietary, or trade secret source code.

**9.2**     The Parties agree to cooperate in good faith so as to protect the Producing Party's Computer Code while not unreasonably hindering the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

**9.3**     Protected Material designated as "HIGHLY CONFIDENTIAL – CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

**9.4**     Any Computer Code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours (currently, 9:00 a.m. to 5:00 p.m.) or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The Computer Code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Computer Code onto any recordable media or recordable device. The Producing Party shall either (1) provide the Receiving Party access to the Computer Code on a computer that has been logged in and unlocked and open for Receiving Party a folder containing the Computer Code; or (2) provide the Receiving Party with information explaining how to start, log on to, and operate the computer(s) in order to access the Computer

16

Code. During inspection of the Computer Code on the secured computer, the Receiving Party agrees to abide by any then-applicable state, county, or city laws or regulations pertaining to the COVID-19 pandemic, as well as any applicable COVID-19-related policies of the office or location at which the secure computer is located. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Computer Code review, but only to ensure compliance with any applicable COVID-19-related laws, regulations, or policies, and to ensure that there is no unauthorized recording, copying, or transmission of the Computer Code and for no other purpose.  But the Producing Party shall take reasonable efforts to ensure that the Receiving Party's access is not hampered by such regulations or policies.

       **9.5**    The Receiving Party may request paper copies, at no smaller than 12 point font, of limited portions of Computer Code that are reasonably necessary for this Action, including but not limited to the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in this Section 9.5 in the first instance. Except as provided in this Section 9.5, in no event may the Receiving Party print more than fifteen (15) consecutive pages of continuous blocks of Computer Code, or an aggregate total of more than two hundred and fifty (250) pages of Computer Code per accused instrumentality (currently two—Pokémon Go and Harry Potter: Wizards Unite) during the duration of the Action without prior written approval by the Producing Party, which shall not be unreasonably withheld. If the Parties are unable to resolve the issue, the Receiving Party may seek relief from the Court pursuant to the dispute resolution procedure and timeframes set forth in Section 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution. If the Receiving Party has already requested the aggregate total of printed pages of Computer Code set forth above, the Receiving Party may return to the Producing Party any previously printed Computer Code along with a certification that all printed copies of that selection of Computer Code have been returned to Producing Party or destroyed and that no electronic copies of that selection of Computer Code exist; for each page of printed Computer

1    Code returned to the Producing Party, the Receiving Party may request an additional page of

2    printed Computer Code.

3         **9.6**      The Producing Party shall provide all such Computer Code in paper form

4    including bates numbers and on the appropriate portions the label "HIGHLY CONFIDENTIAL –

5    CODE." The Producing Party shall provide all such requested Computer Code to the Receiving

6    Party in paper form as soon as practical, which may require up to seven (7) business days due to

7    currently applicable COVID-19 restrictions. The Producing Party may challenge the selection

8    and/or amount of Computer Code requested in hard copy form as not reasonably necessary to any

9    case preparation activity, not relevant to the Receiving Party's claims or defenses, and/or not

10   proportional to the needs of the Action as required under Fed. R. Civ. P. 26(b), pursuant to the

11   dispute resolution procedure and timeframes set forth in Section 6 whereby the Producing Party is

12   the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of

13   dispute resolution.

14        **9.7**      The Receiving Party shall maintain a record of any individual who has

15   inspected any portion of the Computer Code in electronic or paper form. The Receiving Party

16   shall maintain all paper copies of any printed portions of the Computer Code and/or permit such

17   paper copies to be viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the

18   offices of outside experts or consultants who have been approved to access Computer Code; (iii)

19   the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary

20   to transport the information to a hearing, or deposition. Any such paper copies shall be

21   maintained at all times in a secured location under the direct control of counsel or expert

22   responsible for maintaining the security and confidentiality of the designated materials. Absent

23   express written permission from the Producing Party, the Receiving Party shall not create any

24   electronic or other images of the paper copies and shall not convert any of the information

25   contained in the paper copies into any electronic format.  The parties agree and consent that the

26   foregoing shall not limit a Receiving Party's ability to summarize in an electronic format (e.g.,

27   Word document, Excel document, or e-mail communication) any information contained in the

28   produced paper copies of Computer Code so long as the summarized information does not

1   include information quoted from the paper copies in a verbatim fashion exceeding more than four

2   words of code in length. The Receiving Party shall only make additional paper copies if such

3   additional copies are (i) necessary to prepare court filings, pleadings, or other papers (including a

4   testifying expert's expert report), (ii) necessary for deposition, or (iii) otherwise necessary for the

5   preparation of its case. Any paper copies used during a deposition shall be retrieved by the

6   Producing Party at the end of each day and must not be given to or left with a court reporter or

7   any other unauthorized individual.

8   **10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

9   **IN OTHER LITIGATION**

10   **10.1**     If a Party is served with a subpoena, court order, or other valid legal

11   process issued in other litigation that compels disclosure of any information or items designated

12   in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

13   ONLY," or "HIGHLY CONFIDENTIAL – CODE," that Party must: (i) promptly notify in

14   writing the Designating Party. Such notification shall include a copy of the subpoena, court order,

15   or other valid legal process;(ii) promptly notify in writing the party who caused the subpoena,

16   court order, or other valid legal process to issue in the other litigation that some or all of the

17   material covered by the subpoena, order, or other valid legal process is subject to this Protective

18   Order. Such notification shall include a copy of this Stipulated Protective Order; and (iii)

19   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party

20   whose Protected Material may be affected.[2]

21   **10.2**     If the Designating Party timely seeks a protective order, the Party served

22   with the subpoena, court order, or other valid legal process shall not produce any information

23   designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

24   EYES ONLY," or "HIGHLY CONFIDENTIAL – CODE" before a determination by the court

25   from which the subpoena, order, or other valid legal process issued, unless the Party has obtained

26   the Designating Party's permission. The Designating Party shall bear the burden and expense of

27

28   [2] The purpose of imposing these duties is to alert the interested parties to the existence of this
Protective Order and to afford the Designating Party in this Action an opportunity to try to protect
its confidentiality interests in the court from which the subpoena or order issued.

seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

11.1    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –CODE." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

11.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii)    make the information requested available for inspection by the Non-Party.

11.3    If the Non-Party fails to object or seek a protective order from this court within fourteen (14) calendar days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality

agreement with the Non-Party before a determination by the court.[3] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

### 12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A and permanently delete, shred, or otherwise destroy all unauthorized copies of the Protected Material.

### 13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

13.1    Pursuant to Federal Rule of Evidence 502(d) and this protective order, the inadvertent production in this Action of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this Action or in any other federal or state proceeding, provided that the Producing Party shall notify the Receiving Party(ies) in writing of such protection or privilege promptly after the Producing Party discovers such materials have been inadvertently produced.

13.2    After a Producing Party has given written notice to the Receiving Party(ies) in the manner set forth below that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Producing Party and the Receiving Party(ies) are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) as modified herein. Specifically, the Producing Party may assert privilege or protection over inadvertently produced documents by notifying the Receiving Party(ies) in writing of the assertion of privilege or

---

[3] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

protection, the subject information, the date of discovery (unless within the previous 48 hours, in which case the Producing Party may specify that the inadvertent production was discovered "within the previous 48 hours"), and the basis for requesting its return within fourteen (14) calendar days of the Producing Party's discovery of the inadvertent production. If any portion of the materials inadvertently produced does not contain privileged or protected information, the Producing Party shall within one (1) business day of providing written notice also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

**13.3** After the Producing Party has given written notice in the foregoing manner to the Receiving Party(ies) that certain inadvertently produced material is in the Producing Party's view subject to a claim of privilege or protection, a Receiving Party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. This does not preclude presenting the information to the Court for a determination of the claim of privilege or other protection . No one shall use the fact or circumstances of production of the information in this Action to argue that any privilege or protection has been waived.

**13.4** If the Parties have a disagreement about whether privilege or protection applies to identified document(s) and cannot resolve the dispute without court intervention after meeting and conferring, the Parties shall comply with the undersigned's Standing Order, Section III.4 ("Expedited Procedures for Discovery Disputes.").  Any joint letter brief related to this provision must be accompanied by a competent declaration affirming that the Parties have complied with the meet and confer requirements imposed by the preceding paragraph and the separate Standing Order requirements.

**13.5** Further, the Receiving Party(ies) shall promptly sequester any document or information produced by a Producing Party if the Receiving Party(ies), in good faith, recognizes on the face of the document that it contains privileged or work-product-protected information and knows or reasonably should know that the document was inadvertently sent. In such event, the

1  Receiving Party(ies) shall promptly notify the Producing Party of the discovery of such document

2  or information.

3    **14.**   **MISCELLANEOUS**

4     **14.1**   **Right to Further Relief**. Nothing in this Order abridges the right of any

5  person to seek its modification by the court in the future.

6     **14.2**   **Right to Assert Other Objections**. By stipulating to the entry of this

7  Protective Order no Party waives any right it otherwise would have to object to disclosing or

8  producing any information or item on any ground not addressed in this Stipulated Protective

9  Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

10 the material covered by this Protective Order.

11    **14.3**   **Export Control**. Disclosure of Protected Material shall be subject to all

12 applicable laws and regulations relating to the export of technical data contained in such

13 Protected Material, including the release of such technical data to foreign persons or nationals in

14 the United States or elsewhere. The Producing Party shall be responsible for identifying any such

15 controlled technical data, and the Receiving Party shall take measures necessary to ensure

16 compliance.

17    **14.4**   **Filing Protected Material**. Without written permission from the

18 Designating Party or a court order secured after appropriate notice to all interested persons, a

19 Party may not file in the public record in this Action any Protected Material. A Party that seeks to

20 file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected

21 Material may only be filed under seal pursuant to a court order authorizing the sealing of the

22 specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue

23 only upon a request establishing that the Protected Material at issue is privileged, protectable as a

24 trade secret or otherwise entitled to protection under the law. If a Receiving Party's request to file

25 Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the

26 Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule

27 79-5(e)(2) unless otherwise instructed by the court.

28

1

**15.    FINAL DISPOSITION**

2            Within sixty (60) calendar days after the final disposition of this Action, as defined

3    in Section 4, each Receiving Party must return all Protected Material to the Producing Party or

4    destroy such material. As used in this subdivision, "all Protected Material" includes all copies,

5    abstracts, compilations, summaries, and any other format reproducing or capturing any of the

6    Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party

7    must submit a written certification to the Producing Party (and, if not the same person or entity, to

8    the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate)

9    all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party

10   has not retained any copies, abstracts, compilations, summaries or any other format reproducing

11   or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

12   retain an archival copy of all pleadings, motion papers, deposition, and hearing transcripts, legal

13   memoranda, correspondence, deposition exhibits, expert reports, attorney work product, and

14   consultant and expert work product, even if such materials contain Protected Material. Any such

15   archival copies that contain or constitute Protected Material remain subject to this Protective

16   Order as set forth in Section 4 (DURATION).

17          **16.    DISCOVERY AND DISCLOSURE DISPUTES**

18           All discovery and disclosure disputes are subject to the undersigned's Standing

19   Order for All Civil Cases, Section III.4 ("Expedited Procedures for Discovery Disputes.").

20

21                                    Respectfully submitted,

22   DATED: February 16, 2021          DIAMOND MCCARTHY LLP

23                                    By:    */s/ Matthew K. Blackburn*
                                             Allan B. Diamond
24                                           Matthew K. Blackburn
                                             Evan E. Boetticher
25                                           John B. Sample, IV

26                                    *Attorneys for Plaintiffs NANTWORKS, LLC*
                                     *and NANT HOLDINGS IP, LLC*

27

28

DATED: February 16, 2021

COOLEY LLP

By: /s/ Heidi L. Keefe
Michael G. Rhodes
Heidi L. Keefe
Dena Chen
Alexandra M. Leeper
Lauren J. Krickl

Attorneys for Defendant NIANTIC, INC.

## ATTESTATION

Counsel for Plaintiffs NANTWORKS, LLC and NANT HOLDINGS IP, LLC hereby

attests by his signature below that concurrence in the filing of this document was obtained from

counsel for defendant Niantic, Inc.

DATED: February 16, 2021

DIAMOND MCCARTHY LLP

By: /s/ Matthew K. Blackburn
Allan B. Diamond
Matthew K. Blackburn
Evan E. Boetticher
John B. Sample, IV

Attorneys for Plaintiffs NANTWORKS, LLC
and NANT HOLDINGS IP, LLC

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:   February ___, 2021

By: _____

HON. LAUREL BEELER
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

Signature: _____
        [signature]