1   COOLEY LLP                              COOLEY LLP
    HEIDI L. KEEFE (178960)                 MICHAEL G. RHODES (116127)
2   (hkeefe@cooley.com)                     (rhodesmg@cooley.com)
    DENA CHEN (286452)                      101 California Street, 5th Floor
3   (dchen@cooley.com)                      San Francisco, CA 94111-5800
    ALEXANDRA LEEPER (307310)               Telephone:    (415) 693-2000
4   (aleeper@cooley.com)                    Facsimile:    (415) 693-2222
    LAUREN J. KRICKL (305379)
5   (lkrickl@cooley.com)
    3175 Hanover Street
6   Palo Alto, CA 94304-1130
    Telephone:    (650) 843-5000
7   Facsimile:    (650) 849-7400

8   Attorneys for Defendant
    NIANTIC, INC.
9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13

14   NANTWORKS, LLC, NANT HOLDINGS IP,      Case No. 3:20-CV-06262-LB
     LLC,
15                                          **DEFENDANT NIANTIC, INC.'S ANSWER AND
                    Plaintiffs,             COUNTERCLAIMS TO PLAINTIFFS
16                                          NANTWORKS, LLC AND NANT HOLDINGS
             v.                             IP, LLC, THIRD AMENDED COMPLAINT**
17
     NIANTIC, INC.,
18
                    Defendant.
19

20

21          Defendant and counter-claimant NIANTIC, INC. ("Niantic" or "Defendant"), hereby files

22   its answer and affirmative defenses ("Answer") to the Third Amended Complaint filed on February

23   22, 2021 ("TAC") by Plaintiffs NANTWORKS, LLC, NANT HOLDINGS IP, LLC, ("Plaintiffs")

24   and counterclaims.  Each of the paragraphs below corresponds to the same numbered paragraph in

25   the TAC.  Defendant denies all allegations in the TAC, whether express or implied, that are not

26   specifically admitted below.  Defendant further denies that Plaintiffs are entitled to the relief

27   requested in the TAC, or to any other relief.

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

**INTRODUCTION**

1.    Defendant admits that Plaintiffs purport to bring a civil action against Defendant for alleged infringement of U.S. Patent Nos. 10,403,051 (the "'051 Patent"), and 10,664,518 (the "'518 Patent") (collectively, the "Asserted Patents").  Defendant denies any such infringement.  Except as expressly admitted, Defendant denies the remaining allegations of paragraph 1.

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies them.

3.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore denies them.

4.    Defendant denies the allegations in paragraph 4.

5.    Defendant denies the allegations in paragraph 5.

6.    Defendant admits that Plaintiffs purport to bring this lawsuit against Defendant for alleged patent infringement, and that Plaintiffs purport to seek damages and other relief.  Defendant denies any such infringement and denies that Plaintiffs are entitled to damages or other relief.

**THE PARTIES**

7.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies them.

8.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies them.

9.    Defendant admits that it is a Delaware corporation.  Defendant admits that it maintains offices in San Francisco, California, operates and owns the websites located at www.nianticlabs.com and niantic.helpshift.com, and markets, offers, and distributes throughout the United States (including in California and within this District) gaming applications including Pokémon GO (the "Pokémon Go App") and Harry Potter: Wizards Unite (the "Harry Potter App").  Except as expressly admitted, Defendant denies the remaining allegations of paragraph 9.

**JURISDICTION AND VENUE**

10.   Defendant admits that the TAC purports to be an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.  Defendant admits that this Court has

Cooley LLP
Attorneys at Law
Palo Alto

Case No. 3:20-CV-06262-LB

2

Def.  Niantic, Inc.'s Answer and
Counterclaims to Third Amended
Complaint

exclusive subject matter jurisdiction over the TAC and the matters asserted therein under 28 U.S.C. §§ 1331 and 1338(a).

11. The allegations in paragraph 11 state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendant admits that it is registered to do business in the State of California (Registration No. C3815285). Defendant admits that it maintains places of business in California, including in this District, and conducts business in California, including in this District and elsewhere in California. Except as expressly admitted, Defendant denies the remaining allegations of paragraph 11, but for purposes of this action only, does not contest personal jurisdiction.

12. The allegations in paragraph 12 state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendant admits that it conducts business in this District, has a place of business in this District and employs engineers and/or other personnel within this District, including in San Francisco. Except as expressly admitted, Defendant denies the remaining allegations of paragraph 11, but for purposes of this action only, does not contest that venue is proper in this District and does not contest personal jurisdiction.

**INTRADISTRICT ASSIGNMENT**

13. Defendant admits that the TAC purports to be an intellectual property action to be assigned on a district-wide basis under Civil Local Rule 3-2(c).

**BACKGROUND**

**NantWorks' Alleged Innovation**

14. Defendant denies the allegations in paragraph 14.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies them.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies them.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies them.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:20-CV-06262-LB

3

DEF. NIANTIC, INC.'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies them.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

**NantWorks' '051 Patent**

20.     Defendant admits that U.S. Patent No. 10,403,051 (the "'051 Patent") bears the title "Interference based augmented reality hosting platforms" and reflects an issue date of September 3, 2019.  Defendant denies that there is an Exhibit A to the TAC and admits that Exhibit A to the Complaint filed September 3, 2020 appears to be a copy of the '051 Patent.  Defendant admits that the '051 Patent lists Patrick Soon-Shiong as the inventor.  Defendant admits that the '051 Patent reflects a filing date of November 9, 2018.  Defendant admits that the '051 Patent purports to claim priority to U.S. Provisional Appl. No. 61/473,324, purportedly filed April 8, 2011.  Except as expressly admitted, Defendant denies the remaining allegations in paragraph 20.

21.     Defendant admits that paragraph 21 includes partial quotations and summarized statements from the '051 Patent.  Except as expressly admitted, Defendant denies the remaining allegations in paragraph 21.

22.     Defendant admits that the quotation "[s]ome progress has been made over the last few years towards creating a seamless integration between user and augmented reality environments" appears in the '051 Patent.  Defendant admits that the second sentence of paragraph 23 includes a partial quotation and summarized statements from the '051 Patent.  Except as expressly admitted, Defendant denies the remaining allegations in paragraph 22.

23.     Defendant admits that paragraph 23 includes a partial quotation from the '051 Patent.  Except as expressly admitted, Defendant denies the remaining allegations in paragraph 23.

24.     Defendant admits that the partial quotation "individuals still require presentation of relevant augmented reality content especially when features, real or virtual, of an augmented reality can interfere with each other" appears in the '051 Patent.  Except as expressly admitted, Defendant denies the remaining allegations in paragraph 24.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:20-CV-06262-LB

4

DEF. NIANTIC, INC.'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

25.     Defendant admits that the third sentence of paragraph 25 includes summarized statements from the '051 Patent.  Defendant admits that paragraph 25 includes a partial quotation from the '051 Patent.  Except as expressly admitted, Defendant denies the remaining allegations in paragraph 25.

26.     Defendant admits that paragraph 26 appears to reproduce Figure 4 from the '051 Patent, and also includes summarized statements from the '051 Patent.   Except as expressly admitted, Defendant denies the remaining allegations in paragraph 26.

27.     Defendant admits that paragraph 27 includes a quotation of claim 1 from the '051 Patent.  Except as expressly admitted, Defendant denies the remaining allegations in paragraph 27.

28.     Defendant admits that paragraph 28 includes summarized statements and a partial quotation from the '051 Patent File History, Notice of Allowance, April 10, 2019. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 28.

29.     Defendant denies the allegations in paragraph 29.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies them.

31.     Defendant admits that paragraph 31 includes summarized statements from the '051 Patent.  Except as expressly admitted, Defendant denies the remaining allegations in paragraph 31.

32.     Defendant admits that the last sentence of paragraph 32 includes summarized statements from the '051 Patent.  Except as expressly admitted, Defendant denies the remaining allegations in paragraph 32.

33.     Defendant admits that paragraph 33 includes partial quotations from the '051 Patent.  Except as expressly admitted, Defendant denies the remaining allegations in paragraph 33.

34.     Defendant denies the allegations in paragraph 34.

### NantWorks' '518 Patent

35.     Defendant admits that U.S. Patent No. 10,664,518 (the "'518 Patent") bears the title "Wide Area Augmented Reality Location-Based Services" and reflects an issue date of May 26, 2020. Defendant denies that there is an Exhibit C to the TAC and admits that Exhibit C to the Complaint filed September 3, 2020 appears to be a copy of the '518 Patent.  Defendant admits that the '518 Patent lists

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:20-CV-06262-LB

5

DEF.  NIANTIC, INC.'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

David McKinnon, Kamil Wnuk, Jeremi Sudol, Matheen Siddiqui, John Wiacek, Bing Song, and Nicholas J. Witchey as the inventors. Defendant admits that the '518 Patent purports to claim priority to U.S. Provisional Appl. No. 61/892,238, purportedly filed October 17, 2013. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 35.

36.     Defendant admits that paragraph 36 includes a partial quotation and summarized statements from the '518 Patent. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 36.

37.     Defendant admits that paragraph 37 includes partial quotations and summarized statements from the '518 Patent. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 37.

38.     Defendant admits that the '518 Patent states that "The AR management engine could further configure a device (e.g., a mobile device, a kiosk, a tablet, a cell phone, a laptop, a watch, a vehicle, a server, a computer, etc.) to obtain at least a portion of the subset based on the tile map (e.g., based on the device's location in relation to the tiles of a tile map, etc.), and present at least a portion of the AR content objects on a display of the device (e.g., instantiate the object, etc.)." Defendant admits that the third sentence of paragraph 38 includes a partial quotation from the '518 Patent. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 38.

39.     Defendant admits that paragraph 39 includes a quotation of claim 1 from the '518 Patent. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 39.

40.     Defendant admits that paragraph 40 includes summarized statements and partial quotations from the '518 Patent File History, Notice of Allowance, January 21, 2020. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 40.

41.     Defendant denies the allegations in paragraph 41.

42.     Defendant admits that paragraph 42 includes summarized statements from the '518 Patent. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 42.

43.     Defendant admits that the last sentence of paragraph 43 includes summarized statements from the '518 Patent. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 43.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:20-CV-06262-LB

6

DEF. NIANTIC, INC.'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

44.     Defendant admits that paragraph 44 includes partial quotations from the '518 Patent. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 44.

45.     Defendant denies the allegations in paragraph 45.

**Niantic's Alleged Direct Infringement of Plaintiffs' Patented Technologies**

46.     Defendant admits that Niantic is a venture-backed private company that publishes location-based games for use on mobile devices, such as Android and iOS mobile phones. Defendant admits that paragraph 46 includes summary statements of estimates of global player spending and user downloads from https://sensortower.com/blog/Pokémon-go-revenue-year-four. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 46.

47.     Defendant admits that it was formed as an "autonomous unit" within Google. Defendant admits that Niantic launched an app called "Field Trip" in September 2012 for Android devices.  Defendant admits that the "Field Trip" app relied on GPS to provide users with access to certain curated, published information about certain locations.  Except as expressly admitted, Defendant denies the remaining allegations in paragraph 47.

48.     Defendant admits that it was formally incorporated in August 2015 and spun out of Google in October 2015.  Except as expressly admitted, Defendant denies the remaining allegations in paragraph 48.

49.     Defendant admits that it launched the Pokémon Go App in July 2016.  Defendant admits that Pokémon Go is a type of augmented reality game for mobile devices.  Defendant admits that the Pokémon Go App is designed to be downloaded onto Android or iOS-based mobile devices. Defendant admits that the Pokémon Go App can use the camera and GPS system of mobile devices. Defendant admits that the Pokémon Go App currently uses at least some components of the technology currently known as the Niantic Real World Platform.  Except as expressly admitted, Defendant denies the remaining allegations in paragraph 49.

50.     Defendant admits that it introduced a feature called "Dynamic Weather" for the Pokémon Go App in December 2017.  Except as expressly admitted, Defendant denies the remaining allegations in paragraph 50.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:20-CV-06262-LB

7

DEF. NIANTIC, INC.'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

51.     Defendant admits that in 2019, it published a blog entry titled "Designing a planet-scale real-world AR platform," which describes the "Niantic Real World Platform."  Defendant admits that paragraph 51 includes a partial quotation and a figure titled "Niantic Real World Platform" from this blog entry.  Defendant admits that the figure reproduced in paragraph 51 shows a high-level schematic representation of the Niantic Real World Platform as it existed at the time the cited blog entry was posted.  Except as expressly admitted, Defendant denies the remaining allegations in paragraph 51.

52.     Defendant admits that it released Harry Potter: Wizards Unite (the "Harry Potter App") in the United States in June 2019.  Defendant admits that the Harry Potter App is designed to be downloaded onto Android or iOS-based mobile devices.  Defendant admits that the Harry Potter App can use the camera and GPS system of mobile devices.  Defendant admits that the Harry Potter App currently uses at least some components of the technology currently known as the Niantic Real World Platform.  Defendant admits that the Harry Potter App included a feature called "Dynamic Weather" at the time of its launch.  Except as expressly admitted, Defendant denies the remaining allegations in paragraph 52.

53.     Defendant admits that it markets, offers, and distributes the Pokémon Go App and the Harry Potter App in and within the United States, including through distribution platforms such as the Apple App Store, Google Android Play Store, and the Samsung Galaxy Store.  Except as expressly admitted, Defendant denies the remaining allegations in paragraph 53.

54.     Defendant admits that it tests the Pokémon Go App and the Harry Potter App on mobile devices.  Except as expressly admitted, Defendant denies the remaining allegations in paragraph 54.

**Niantic's Alleged Indirect Infringement of Plaintiffs' Patented Technologies**

55.     Defendant denies the allegations in paragraph 55.

56.     Defendant admits that the Pokémon Go App and the Harry Potter App are available for download and use in the United States by users of Android and iOS mobile devices.  Defendant admits that it has designed, developed, tested, and used the Pokémon Go App and the Harry Potter App at least in part within the United States.  Except as expressly admitted, Defendant denies the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:20-CV-06262-LB

8

DEF.  NIANTIC, INC.'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

remaining allegations in paragraph 56.

57.     Niantic admits that it has had actual knowledge of the Asserted Patents as of the date it was served with a copy of the initial Complaint on September 8, 2020. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 57.

58.     Defendant denies the allegations in paragraph 58.

59.     Defendant admits that it currently or in the past has advertised the Pokémon Go App and the Harry Potter App, published literature regarding the Pokémon Go App and the Harry Potter App, created and/or distributed in-app support for the Pokémon Go App and the Harry Potter App, and offered technical assistance to customers of the Pokémon Go App and the Harry Potter, including on the websites listed in paragraph 59.  Except as expressly admitted, Defendant denies the allegations in paragraph 59.

60.     Defendant denies the allegations in paragraph 60.

61.     Defendant denies the allegations in paragraph 61.

**COUNT I:INFRINGEMENT OF U.S. PATENT NO. 10,403,051**

62.     Defendant incorporates by reference its responses to all of the foregoing paragraphs as if fully set forth herein.

63.     Defendant denies the allegations in paragraph 63.

64.     Niantic admits that it has had actual knowledge of the Asserted Patents as of the date it was served with a copy of the initial Complaint on September 8, 2020.

65.     Defendant denies the allegations in paragraph 65.

66.     Defendant admits that paragraph 27 includes a quotation of claim 1 of the '051 Patent.  Except as expressly admitted, Defendant denies the allegations in paragraph 66.

67.     Defendant admits that the Pokémon Go App and the Harry Potter App are designed to operate on users' mobile devices, such as mobile phones, which have processor(s) and storage memory.  Defendant admits that the Pokémon Go App and the Harry Potter App currently use at least some components of the technology currently known as the Niantic Real World Platform and backend servers.  Defendant denies the remaining allegations in paragraph 67.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:20-CV-06262-LB

9

DEF.  NIANTIC, INC.'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

68.     Defendant admits that the Pokémon Go App and the Harry Potter App currently use at least some components of the technology currently known as the Niantic Real World Platform. Defendant admits that paragraph 51 includes a figure bearing the title "Niantic Real World Platform" and including the labels "SERVER RUNTIME," "AR CLOUD," and "AR DATA." Defendant admits that the Pokémon Go App and the Harry Potter App have game application software designed for use on a user's mobile device that interacts with a server runtime.  Defendant admits that paragraph 68 includes a partial quotation from the website https://nianticlabs.com/en/blog/launch/.   Except as expressly admitted, Defendant denies the allegations of paragraph 68.

69.     Defendant admits that the Pokémon Go App includes a "Map View" feature. Defendant admits that paragraph 69 appears to reproduce an image from https://niantic.helpshift.com/a/Pokémon-go/?p=web&s=getting-started&f=map-view.   Except as expressly admitted, Defendant denies the allegations of paragraph 69.

70.     Defendant admits that the Harry Potter App includes a map feature.  Defendant admits that paragraph 70 appears to reproduce an image from https://gamepress.gg/wizardsunite/guide/wizards-unite-map-and-overworld-guide.   Except as expressly admitted, Defendant denies the allegations of paragraph 70.

71.     Defendant admits that Water-type Pokémon may appear more frequently when the user's mobile device is near a body of water.  Defendant admits that paragraph 71 includes a partial quotation from the website https://niantic.helpshift.com/a/Pokémon-go/?p=web&s=getting-started&f=finding-catching-wild-Pokémon&l=en.  Defendant admits that the weather at a user's device location may change the in-game probability of encountering certain Pokémon. Defendant admits that the Stardust bonus for capturing certain Pokémon may depend on the weather. Defendant admits that paragraph 71 includes summary statements and partial quotations from the websites              https://nianticlabs.com/blog/decdevupdate-weather/             and https://niantic.helpshift.com/a/Pokémon-go/?p=web&s=finding-evolving-hatching&f=weather-boosts&l=en. Except as expressly admitted, Defendant denies the allegations of paragraph 71.

Cooley LLP
Attorneys at Law
Palo Alto

Case No. 3:20-CV-06262-LB

10

Def.  Niantic, Inc.'s Answer and
Counterclaims to Third Amended
Complaint

72.     Defendant admits that paragraph 72 includes a partial quotation from the website https://niantic.helpshift.com/a/hpwizardsunite/?p=web&s=getting-started&f=weather-conditions&l=en.  Defendant admits that weather conditions may affect the spawn rate of certain Oddities and Ingredients in the Harry Potter App.  Except as expressly admitted, Defendant denies the allegations of paragraph 72.

73.     Defendant admits that the Pokémon Go App spawns Pokémon that are available for in-game interaction.  Defendant admits that Pokémon have attributes.  Defendant admits that there are certain Pokémon that may be more likely to spawn in particular weather conditions.  Defendant admits that Grass, Ground, and Fire-type Pokémon are boosted and may be more likely to spawn in sunny or clear weather.  Defendant admits that paragraph 73 appears to reproduce an image from https://niantic.helpshift.com/a/Pokémon-go/?p=web&l=en%2F&s=finding-evolving-and-hatching&f=weather-boosts.  Except as expressly admitted, Defendant denies the allegations of paragraph 73.

74.     Defendant admits that the Harry Potter App spawns Foundables that are available for in-game interaction.  Defendant admits that Foundables have attributes.  Defendant admits that there are certain Oddities and Ingredients that may be more likely to spawn in certain weather conditions, times of day, or moon phases.  Defendant admits that paragraph 74 includes a quotation from  https://www.imore.com/harry-potter-wizards-unite-beginners-guide.   Except as expressly admitted, Defendant denies the allegations of paragraph 74.

75.     Defendant admits that the Map View of the Pokémon Go App displays Pokémon that have spawned within a certain distance of the user's device.  Defendant admits that paragraph 75 appears to reproduce an image from https://nianticlabs.com/en/blog/Pokémon-go-first-look/.  Defendant admits that the image in paragraph 75 depicts a Squirtle and a user's avatar.  Defendant admits that there are certain Pokémon that may be more likely to spawn in particular weather conditions.  Defendant admits that Water-type Pokémon may appear more frequently when the user's mobile device is near a body of water.  Defendant admits that certain Pokémon appear almost exclusively in particular areas of the world.  Except as expressly admitted, Defendant denies the allegations of paragraph 75.

76.     Defendant admits that the Harry Potter App map displays Foundables that have spawned within a certain distance of the user's device.  Defendant admits that there are certain Foundables, Oddities, and Ingredients that may be more likely to spawn in certain locations or in certain weather.  Except as expressly admitted, Defendant denies the allegations of paragraph 76.

77.     Defendant admits that the Pokémon Go App may display certain Pokémon to the user.  Defendant admits that paragraph 77 appears to reproduce an image from https://nianticlabs.com/en/blog/Pokémon-go-first-look/.  Defendant admits that the image in paragraph 77 depicts a Squirtle in the Map View on the user's device.  Defendant admits that the Pokémon Go App displays in the Map View Pokémon only within a certain area around the user's device.  Except as expressly admitted, Defendant denies the allegations of paragraph 77.

78.     Defendant admits that the Harry Potter App may display certain Foundables to the user.  Defendant admits that paragraph 78 appears to reproduce an image from https://gamepress.gg/wizardsunite/guide/wizards-unite-map-and-overworld-guide.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of the image in paragraph 78, and therefore denies them.  Defendant admits that the Harry Potter App displays Foundables only within a certain area around the user's device.  Except as expressly admitted, Defendant denies the allegations of paragraph 78.

79.     The allegations in paragraph 79 state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 79.

80.     Defendant admits that the Pokémon Go App and the Harry Potter App are available in the United States.  Except as expressly admitted, Defendant denies the allegations in paragraph 80.

81.     Defendant admits that the Pokémon Go App and the Harry Potter App are available for download onto Android and iOS mobile devices in the United States.  Except as expressly admitted, Defendant denies the allegations in paragraph 81.

82.     Defendant denies the allegations in paragraph 82.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:20-CV-06262-LB                    12                    DEF. NIANTIC, INC.'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

83.    Defendant admits that Niantic has provided the Pokémon Go App and the Harry Potter App to its customers and/or end users.  Except as expressly admitted, Defendant denies the allegations in paragraph 83.

84.    Defendant denies the allegations in paragraph 84.

85.    Defendant denies that Niantic infringes any claims of the '051 Patent.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 85, and therefore denies them.

86.    Defendant denies the allegations in paragraph 86.

**COUNT II:INFRINGEMENT OF U.S. PATENT NO. 10,664,518**

87.    Defendant incorporates by reference its responses to all of the foregoing paragraphs as if fully set forth herein.

88.    Defendant denies the allegations in paragraph 88.

89.    Defendant admits the allegations in paragraph 89.

90.    Defendant denies the allegations in paragraph 90.

91.    Defendant admits that paragraph 91 includes a quotation of claim 1 of the '518 Patent.  Except as expressly admitted, Defendant denies the allegations in paragraph 91.

92.    Defendant admits that the Pokémon Go App and the Harry Potter App operate in part on users' mobile devices, such as mobile phones, which have location sensors (*e.g.*, GPS), displays, storage memory, and processor(s).  Defendant admits that the Pokémon Go App and the Harry Potter App currently use at least some components of the technology currently known as the Niantic Real World Platform and backend servers.  Except as expressly admitted, Defendant denies the allegations of paragraph 92.

93.    Defendant admits that the Pokémon Go App and the Harry Potter App can obtain from the user's mobile device location information regarding the device's location in the real world.  Except as expressly admitted, Defendant denies the allegations of paragraph 93.

94.    Defendant admits that the Pokémon Go App can obtain geospatial data corresponding to the location of the user's mobile device.  Defendant admits that the Pokémon Go App can display a digital representation of the location of the user's device.  Defendant admits that

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:20-CV-06262-LB

13

DEF. NIANTIC, INC.'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

paragraph 94 appears to reproduce an image from https://niantic.helpshift.com/a/Pokémon-go/?p=web&s=getting-started&f=map-view.   Defendant admits that the user's location is represented by the user's avatar, marked with a "5" in the image in paragraph 94.  Defendant admits that the image shows a street map of the area close to the user's mobile device.  Except as expressly admitted, Defendant denies the allegations of paragraph 94.

95.   Defendant admits that the Harry Potter App can obtain geospatial data corresponding to the location of the user's mobile device.  Defendant admits that the Harry Potter App can display a digital representation of the location of the user's device.  Defendant admits that paragraph 95 appears to reproduce an image from https://gamepress.gg/wizardsunite/guide/wizards-unite-map-and-overworld-guide.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of the image in paragraph 95, and therefore denies them.  Except as expressly admitted, Defendant denies the allegations of paragraph 95.

96.   Defendant admits that the Pokémon Go App currently uses OpenStreetMaps data. Defendant admits that the Harry Potter App currently uses OpenStreetMaps data.  Except as expressly admitted, Defendant denies the allegations of paragraph 96.

97.   Defendant admits that paragraph 97 appears to reproduce an image from https://niantic.helpshift.com/a/Pokémon-go/?p=web&s=getting-started&f=map-view.   Defendant admits that the user's location is represented by the user's avatar on the Pokémon Go App's Map View, marked with a "5" in the image in paragraph 97.  Defendant admits that the Pokémon Go App's Map View can depict particular Pokémon, Pokéstops, or Gyms.  Defendant admits that the image in paragraph 97 shows a Pokéstop, marked with a "4," in the Map View of the Pokémon Go App.  Except as expressly admitted, Defendant denies the allegations of paragraph 97.

98.   Defendant admits that paragraph 98 appears to reproduce an image from https://gamepress.gg/wizardsunite/guide/wizards-unite-map-and-overworld-guide.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of the image in paragraph 98, and therefore denies them.  Except as expressly admitted, Defendant denies the allegations of paragraph 98.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:20-CV-06262-LB

14

DEF. NIANTIC, INC.'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

99.    Defendant admits that when the Pokémon Go App is operating, it currently uses at least some components of the technology currently known as the Niantic Real World Platform and servers.  Defendant admits that when the Harry Potter Go App is operating, it currently uses at least some components of the technology currently known as the Niantic Real World Platform and servers.  Except as expressly admitted, Defendant denies the allegations of paragraph 99.

100.    Defendant admits that paragraph 100 appears to reproduce an image from https://niantic.helpshift.com/a/Pokémon-go/?p=web&s=getting-started&f=map-view.   Defendant admits that the Pokémon Go App's Map View can depict particular Pokémon, Pokéstops, or Gyms on the user's mobile device display.  Defendant admits that the image in paragraph 100 shows a Pokéstop, marked with a "4," and a Gym, marked with a "2," in the Map View of the Pokémon Go App.  Except as expressly admitted, Defendant denies the allegations of paragraph 100.

101.    Defendant admits that paragraph 101 appears to reproduce an image from https://gamepress.gg/wizardsunite/guide/wizards-unite-map-and-overworld-guide.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of the image in paragraph 101, and therefore denies them.  Except as expressly admitted, Defendant denies the allegations of paragraph 101.

102.    The allegations in paragraph 102 state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 102.

103.    Niantic admits that the Pokémon Go App and the Harry Potter App are available in the United States.  Except as expressly admitted, Defendant denies the allegations in paragraph 103.

104.    Niantic admits that the Pokémon Go App and the Harry Potter App are available for download onto Android and iOS mobile devices in the United States.  Except as expressly admitted, Defendant denies the allegations in paragraph 104.

105.    Defendant denies the allegations in paragraph 105.

106.    Defendant denies that Niantic infringes any claims of the '518 Patent.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining

Cooley LLP
Attorneys at Law
Palo Alto

Case No. 3:20-CV-06262-LB

15

Def.  Niantic, Inc.'s Answer and
Counterclaims to Third Amended
Complaint

allegations in paragraph 106, and therefore denies them.

107.   Defendant admits that it has provided the Pokémon Go App and the Harry Potter App to its customers and/or end users.   Except as expressly admitted, Defendant denies the allegations in paragraph 107.

108.   Defendant denies the allegations in paragraph 108.

109.   Defendant denies the allegations in paragraph 109.

## REQUESTED RELIEF

Defendant incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.   Defendant denies any and all allegations of patent infringement in the TAC. Defendant denies all allegations that Plaintiffs are entitled to any relief requested in paragraphs "A-G" of the TAC's Prayer for Relief, or any other relief.

## PLAINTIFFS' DEMAND BY JURY TRIAL

No response is required to this paragraph.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, Defendant asserts the following defenses to the TAC and reserves its right to assert additional defenses.

## FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT OF U.S. PATENT NO. 10,403,051

Defendant does not infringe and has not infringed, directly or indirectly, any valid claim of the '051 Patent.

## SECOND AFFIRMATIVE DEFENSE – NON-INFRINGEMENT OF U.S. PATENT NO. 10,664,518

Defendant does not infringe and has not infringed, directly or indirectly, any valid claim of the '518 Patent.

## THIRD AFFIRMATIVE DEFENSE – INVALIDITY OF U.S. PATENT NO. 10,403,051

All asserted claims of the '051 Patent are invalid for failure to satisfy the conditions of patentability in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to §§ 101, 102, 103, and/or 112.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:20-CV-06262-LB

16

DEF. NIANTIC, INC.'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

1

**FOURTH AFFIRMATIVE DEFENSE – INVALIDITY OF U.S. PATENT NO. 10,664,518**

2

3

All asserted claims of the '518 Patent are invalid for failure to satisfy the conditions of patentability in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to §§ 101, 102, 103, and/or 112.

4

**FIFTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM**

5

The TAC fails to state a claim upon which relief can be granted.

6

**SIXTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL**

7

8

9

10

11

12

Plaintiffs are estopped from construing any claim of the patents-in-suit to be infringed or have been infringed, either literally or under the doctrine of equivalents, by any product or method sold or offered for sale by Defendant in view of the prior art and because of admissions and statements the applicant made to the USPTO during prosecution of the applications leading to the issuance of the patents-in-suit and related patents.  Plaintiffs are barred or limited from recovery in whole or in part by the doctrine of prosecution history estoppel.

13

**SEVENTH AFFIRMATIVE DEFENSE – EQUITABLE DEFENSES**

14

15

Plaintiffs' claims are barred, in whole or in part, by estoppel, acquiescence, waiver, unclean hands, and/or other equitable defenses.

16

**EIGHTH AFFIRMATIVE DEFENSE – LIMITATION ON DAMAGES**

17

18

Plaintiffs' claims for costs and/or damages are barred, in whole or in part, by 35 U.S.C. §§ 41(b), 286 and/or 288, and 37 C.F.R. § 1.362.

19

**NINTH AFFIRMATIVE DEFENSE – NO INJUNCTIVE RELIEF**

20

21

To the extent Plaintiffs seek injunctive relief, Plaintiffs' demand to enjoin Defendant is barred, as Plaintiffs have suffered neither harm nor irreparable harm from Defendant's actions.

22

**RESERVATION OF RIGHTS**

23

24

25

26

27

Defendant hereby reserves the right to amend its Answer and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which become applicable after the substantial completion of discovery or otherwise in the course of litigation.

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:20-CV-06262-LB

17

DEF. NIANTIC, INC.'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

1     **DEMAND FOR JURY TRIAL**

2         Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant respectfully

3     demands a trial by jury on all issues triable by jury.

4     **NIANTIC, INC.'S COUNTERCLAIMS**

5         Defendant and Counterclaimant NIANTIC, Inc. ("Niantic" or "Counterclaimant") hereby

6     alleges the following counterclaims against Plaintiffs and Counter-Defendants NANTWORKS,

7     LLC ("NantWorks") and NANT HOLDINGS IP, LLC ("Nant IP") (collectively, "Counter-

8     Defendants"):

9     **PARTIES**

10        1.      Niantic is a Delaware corporation with its principal place of business at 1 Ferry

11    Building, Suite 200, San Francisco, California 94105.

12        2.      On information and belief, NantWorks is a Delaware limited liability company with

13    its principal place of business at 9920 Jefferson Boulevard, Culver City, California 90232.

14        3.      On information and belief, Nant IP is a Delaware limited liability company with its

15    principal place of business at 9920 Jefferson Boulevard, Culver City, California 90232.

16    **JURISDICTION AND VENUE**

17        4.      This is a civil action regarding allegations of patent infringement arising under the

18    patent laws of the United States, Title 35 of the United States Code, in which Counterclaimant

19    seeks relief under the Declaratory Judgment Act.  This Court has subject matter jurisdiction over

20    this matter pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

21        5.      The Court has personal jurisdiction and venue over Counter-Defendants because

22    they consented to personal jurisdiction and venue by filing the Complaint in this action.

23    **PATENTS-IN-SUIT**

24        6.      The patents-in-suit are U.S. Patent Nos. 10,403,051 ("the '051 Patent") and

25    10,664,518 ("the '518 Patent") (collectively, the "patents-in-suit").

26        7.      The '051 Patent was filed on November 9, 2018.

27        8.      The '051 Patent issued on September 3, 2019.

28        9.      The '051 Patent is not subject to a terminal disclaimer.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:20-CV-06262-LB

18

DEF. NIANTIC, INC.'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

10.     The '518 Patent was filed on October 23, 2018.

11.     The '518 Patent issued on May 26, 2020.

12.     The '518 Patent is subject to a terminal disclaimer.

## NANTWORKS

13.     On information and belief, NantWorks has never made or sold any products practicing the claims of the '051 Patent.

14.     On information and belief, NantWorks has never made or sold any products practicing the claims of the '518 Patent.

15.     On information and belief, NantWorks has never marked any products practicing the claims of the '051 Patent with the '051 Patent number.

16.     On information and belief, NantWorks has never marked any products practicing the claims of the '518 Patent with the '518 Patent number.

## THE ACCUSED PRODUCTS DO NOT INFRINGE

17.     NantWorks' Third Amended Complaint accuses the Pokémon Go App and the Harry Potter App (collectively, the "Accused Products") of infringing certain claims of the '051 and '518 Patents.

## COUNT I

## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,403,051

18.     Counterclaimant incorporates its allegations in Counterclaim Paragraphs 1 through 17 as though fully set forth herein.

19.     Counter-Defendants claim to be the owner of all right, title, and interest in the '051 Patent.

20.     Counter-Defendants have accused Counterclaimant of infringement of the '051 Patent.

21.     Counter-Defendants have created a substantial, immediate, and real controversy between the parties as to the infringement of the '051 Patent.

22.     Counterclaimant has not infringed and currently does not infringe any asserted claim of the '051 Patent directly, indirectly, by inducement, or in any other manner.

23.     Counter-Defendants are entitled to no relief.

## COUNT II

### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 10,403,051

24.     Counterclaimant incorporates its allegations in Counterclaim Paragraphs 1 through 17 as though fully set forth herein.

25.     Counter-Defendants contend that the asserted claims of the '051 Patent are valid and enforceable.

26.     Counter-Defendants have created a substantial, immediate, and real controversy between the parties as to the invalidity of the asserted claims of the '051 Patent.

27.     Each asserted claim of the '051 Patent is invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

28.     Counter-Defendants are entitled to no relief.

## COUNT III

### DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,664,518

29.     Counterclaimant incorporates its allegations in Counterclaim Paragraphs 1 through 17 as though fully set forth herein.

30.     Counter-Defendants claim to be the owner of all right, title, and interest in the '518 Patent.

31.     Counter-Defendants have accused Counterclaimant of infringement of the '518 Patent.

32.     Counter-Defendants have created a substantial, immediate, and real controversy between the parties as to the infringement of the '518 Patent.

33.     Counterclaimant has not infringed and currently does not infringe any asserted claim of the '518 Patent directly, indirectly, by inducement, or in any other manner.

34.     Counter-Defendants are entitled to no relief.

## COUNT IV

### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 10,664,518

35.     Counterclaimant incorporates its allegations in Counterclaim Paragraphs 1 through

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:20-CV-06262-LB

20

DEF. NIANTIC, INC.'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

17 as though fully set forth herein.

36.     Counter-Defendants contend that the asserted claims of the '518 Patent are valid and enforceable.   Counter-Defendants have created a substantial, immediate, and real controversy between the parties as to the invalidity of the asserted claims of the '518 Patent.

37.     Each asserted claim of the '518 Patent is invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

38.     Counter-Defendants are entitled to no relief.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaimant Niantic prays that this Court enter judgment:

A.     In favor of Defendant and Counterclaimant Niantic, and against Plaintiffs and Counter-Defendants, thereby dismissing the TAC with prejudice, with Plaintiffs and Counter-Defendants taking nothing by the way of their claims;

B.     Declaring and adjudging that Defendant and Counterclaimant Niantic has not infringed, and is not now infringing any valid claims of the asserted patents, under any subsection of 35 U.S.C. § 271;

C.     Declaring and adjudging that all asserted claims of the asserted patents are invalid and/or unenforceable;

D.     That this case stands out from others and as such is an exceptional case pursuant to 35 U.S.C. § 285 and ordering Plaintiffs to pay Defendant's reasonable attorneys' fees incurred in this action.

E.     That Plaintiffs pay all costs incurred by Defendant in this action; and

F.     Awarding Defendant all other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, NIANTIC, INC. respectfully requests a trial by jury on all issues triable by jury.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:20-CV-06262-LB

21

DEF.  NIANTIC, INC.'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

1    Dated: March 8, 2021                          COOLEY LLP

2

3                                                  */s/ Heidi L. Keefe*
                                                   HEIDI L. KEEFE (178960)
4                                                  (hkeefe@cooley.com)
                                                   DENA CHEN (286452)
5                                                  (dchen@cooley.com)
                                                   ALEXANDRA LEEPER (307310)
6                                                  (aleeper@cooley.com)
                                                   LAUREN J. KRICKL (305379)
7                                                  (lkrickl@cooley.com)
                                                   3175 Hanover Street
8                                                  Palo Alto, California 94304-1130
                                                   Telephone:    (650) 843 5000
9                                                  FACSIMILE:  (650) 849 7400

10                                                 COOLEY LLP
                                                   MICHAEL G. RHODES (116127)
11                                                 (rhodesmg@cooley.com)
                                                   101 California Street, 5th Floor
12                                                 San Francisco, California 94111-5800
                                                   Telephone:    (415) 693 2000
13                                                 Facsimile:    (415) 693 2222

14                                                    *Attorneys for Defendant Niantic, Inc.*

15

16   s

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:20-CV-06262-LB

22

DEFENDANT NIANTIC, INC.'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT