UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| NANTWORKS, LLC, et al., | Case No. 20-cv-06262-LB |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW** |
| NIANTIC, INC., | |
| Defendant. | Re: ECF No. 62 |

## INTRODUCTION

NantWorks — which develops "various technologies to advance healthcare, commerce, and digital entertainment" — sued Niantic for allegedly infringing NantWorks' patents in Niantic's augmented-reality game apps "Pokémon Go" and "Harry Potter: Wizards Unite." Niantic filed petitions for inter partes review of all asserted claims in the patents in litigation and then moved to stay the case pending the Patent and Trademark Office's resolution of the IPRs.[1] The court can decide the motion without oral argument and grants it. N.D. Cal. Civ. L. R. 7-1(b).

---

[1] Third Amend. Compl. (TAC) – ECF No. 50 at 2–3 (¶¶ 1–6); Mot. – ECF No. 62. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

**ANALYSIS**

Courts have the power to stay a case pending the PTO's review of the patents involved in the lawsuit. *Pi–Net Int'l, Inc. v. Focus Bus. Bank*, No. C-12-4958-PSG, 2013 WL 4475940, at *3 (N.D. Cal. Aug. 16, 2013). The party seeking the stay has the burden of showing that a stay is appropriate. *Id.* Courts consider the following non-exhaustive factors in determining whether to stay the case: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Id.* (cleaned up). The factors support a stay here.

First, the case is in its early stages. The court invalidated one patent earlier this year because it did not recite any patent-eligible invention and thus was invalid under 35 U.S.C. § 101.[2] Claims construction has been scheduled, but only NantWorks has submitted its brief. No depositions have been taken. Courts have granted stays in cases that were in similar procedural postures. *GoPro, Inc. v. C&A Mktg., Inc.* No. 16-CV-03590-JST, 2017 WL 2591268, at *3 (N.D. Cal. June 15, 2017) (parties exchanged infringement and invalidity contentions and corresponding document productions, exchanged written discovery, made their initial claims-construction disclosures, and provided their technology tutorials; court prepared for the tutorial and *Markman* hearing); *Brixham Sols. Ltd. v. Juniper Networks, Inc.*, No. 13-CV-00616-JCS, 2014 WL 1677991, at *2 (N.D. Cal. Apr. 28, 2014) (written and document discovery; parties briefed claims construction).

Second, the IPR petitions challenge every claim in the patents in litigation. Given the legal standard for instituting an IPR ("reasonable likelihood that the petitioner would prevail with respect" to at least one claim) and the rate that the PTO initiates review, it is likely that a stay will simplify the issues in the case. *Uniloc USA Inc. v. LG Electr. Inc.*, No. 18-cv-06740-JST, 2019 WL 1905161, at *3–5 (N.D. Cal. Apr. 29, 2019) (collecting cases in this district where courts hold that the potential for simplification outweighs the uncertainty inherent in a pre-institution stay); *Pi–Net*, 2013 WL 4475940, at *4 (cleaned up).

---

[2] Order – ECF No. 35.

1   Third, a stay would not unduly prejudice NantWorks. In weighing prejudice to the non-moving

2   party, courts consider the following: "(1) the timing of the petition for review; (2) the timing of the

3   request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties."

4   *Uniloc*, 2019 WL 1905161, at *5 (cleaned up). Niantic filed the petitions well within the one-year

5   statutory limit. *Id.* It filed the request to stay shortly thereafter. *Id.* at *6. NantWorks' speculation

6   about the prejudice from disappearing evidence and deteriorating witness memories is insufficient

7   to establish undue prejudice. *See id.; Evolutionary Intel. LLC v. Yelp Inc*, No. C-13-03587 DMR,

8   2013 WL 6672451, at *8 (N.D. Cal. Dec. 18, 2013) (discovery difficulties and faded memories are

9   "consequences that apply to any case where reexamination is sought and cannot alone demonstrate

10  undue prejudice"). NantWorks' other arguments — harm to its reputation, inability to license its

11  patents, and employees who might leave — do not establish undue harm either.[3] *Uniloc*, 2019 WL

12  1905161, at *6. The parties are not direct competitors, and damages can compensate NantWorks

13  for any harm. *Id.*

## CONCLUSION

14  The court stays the case pending the PTO's resolution of the IPR petitions. Within 14 days of

15  the PTO's decisions, the parties must file a joint case-management statement with their proposed

16  next steps.

17  **IT IS SO ORDERED.**

18  Dated: July 15, 2021

19
20                                                          _____
21                                                          LAUREL BEELER
                                                            United States Magistrate Judge
22
23
24
25
26
27
28  _____
    [3] Opp'n – ECF No. 64 at 8.