UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

NANTWORKS, LLC, et al.,

    Plaintiffs,

    v.

NIANTIC, INC.,

    Defendant.

Case No. 20-cv-06262-LB

**DISCOVERY ORDER**

Re: ECF No. 95

## INTRODUCTION

NantWorks — which develops "various technologies to advance healthcare, commerce, and digital entertainment" — sued Niantic for allegedly infringing NantWorks' patents in Niantic's augmented-reality game apps "Pokémon Go" and "Harry Potter: Wizards Unite."[1] The parties now dispute whether NantWorks must answer Niantic's Interrogatory Nos. 8–18.[2] The court can decide the dispute without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court grants the motion to compel except as to Interrogatory Nos. 8 and 18.

---

[1] Third Am. Compl. – ECF No. 50. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Joint Disc. Letter – ECF No. 95.

ORDER – No. 20-cv-06262-LB

**STATEMENT**

The dispute is about NantWorks' refusal to respond to Niantic's Interrogatory Nos. 8–18.[3] Those interrogatories concern a variety of topics. For example, Interrogatory No. 17 asks NantWorks to describe any praise of the asserted patents and Interrogatory No. 16 asks NantWorks to explain why the asserted claims are not invalid.[4]

NantWorks contends that (1) Niantic has not met its burden to show that the interrogatories are relevant, proportional, and non-cumulative, and (2) Niantic has exceeded its 25-interrogatory limit under Federal Rule of Civil Procedure 33(a)(1) because the interrogatories contain many "discrete subparts."[5] Niantic responds that (1) the interrogatories all seek relevant facts and many "pose no discernable burden" (and Niantic sets out a chart explaining the relevance of each interrogatory), and (2) Niantic has not exceeded its 25-interrogatory limit because each of its 18 numbered interrogatories "is directed at a single topic."[6] (In the alternative, Niantic requests leave to serve additional interrogatories.[7])

**ANALYSIS**

**1. Relevance and Proportionality**

NantWorks does not contest the relevance or proportionality of Interrogatory Nos. 10, 14, 15, or 17.[8] Interrogatory Nos. 9, 11, 12, 13, and 16 are relevant and proportional, for the reasons advanced by Niantic.[9] (The court also notes that Niantic is willing to narrow Interrogatory Nos. 12 and 13 to eliminate NantWorks' concerns about overbreadth.[10]) The court addresses the remaining interrogatories (8 and 18) in turn.

---

[3] *Id.*; Pls.' Objs. & Resps. to Deft.'s Interrogs., Set No. 3, Ex. C – ECF No. 95-3.
[4] Joint Disc. Letter – ECF No. 95 at 2.
[5] *Id.* at 3–5.
[6] *Id.* at 1–3.
[7] *Id.* at 3 n.3.
[8] *Id.* at 5.
[9] *Id.* at 1–2.
[10] *Id.* at 2 n.1.

Interrogatory No. 8 asks NantWorks to "[e]xplain [its] Rule 11 basis for continuing to prosecute this case."[11] The weight of authority shows that "discovery in relation to Rule 11 motions is allowed only in extraordinary circumstances." *Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, No. C09-05897 RS HRL, 2011 WL 940263, at *5 (N.D. Cal. Feb. 18, 2011) (collecting cases); *see also* Fed. R. Civ. P. 11, Advisory Committee Notes (1983 Amendments) ("[D]iscovery should be conducted only by leave of the court, and then only in extraordinary circumstances."). There are no extraordinary circumstances here, so the motion to compel is denied as to Interrogatory No. 8.

Interrogatory No. 18 asks NantWorks to "[d]etail all entities having any financial or contingent interest in this case, including any contingent fee recovery interests and litigation funding agreements."[12] But NantWorks already filed a certification of interested entities.[13] *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657-SI, 2019 WL 118595, at *2 (N.D. Cal. Jan. 7, 2019). And "fee and litigation funding agreements" are generally discoverable only when there is "a specific, articulated reason to suspect bias or conflicts of interest." *Id.* (collecting cases). Thus, the motion to compel is also denied as to Interrogatory No. 18, at least on this record.

The court also rejects NantWorks's argument that the interrogatories at issue are cumulative, including the argument that "Interrogatory Nos. 16 and 17 are cumulative to Nos. 2 (enablement) and 5 (secondary factors), respectively."[14]

**2. Numerosity**

The court does not reach the parties' dispute over whether there are "discrete subparts" in Niantic's 18 numbered interrogatories, because even if there are, the court grants Niantic's alternative request for leave to serve more than 25 interrogatories.

---

[11] *Id.* at 2; Pls.' Objs. & Resps. to Deft.'s Interrogs., Set No. 3, Ex. C – ECF No. 95-3 at 7.

[12] Joint Disc. Letter – ECF No. 95 at 2; Pls.' Objs. & Resps. to Deft.'s Interrogs., Set No. 3, Ex. C – ECF No. 95-3 at 21.

[13] Pls.' Certification of Interested Entities or Persons – ECF No. 3.

[14] Joint Disc. Letter – ECF No. 95 at 4.

A party can only serve more than 25 interrogatories if the parties so stipulate or the court grants leave to do so. Fed. R. Civ. P. 33(a)(1). The court can grant leave "to the extent consistent with [Federal] Rule [of Civil Procedure] 26(b)(1) and (2)." *Id.* The advisory committee notes confirm that "leave to serve additional interrogatories is to be allowed when consistent with Rule 26(b)(2)" and "[t]he aim is not to prevent needed discovery." *Id.*, Advisory Committee Notes (1993 Amendment). "In patent cases in particular, where issues are often more complex than the typical federal case for which the presumptive limit was developed, leave to exceed 25 interrogatories may well be appropriate." *Protective Optics, Inc. v. Panoptx, Inc.*, No. C-05-02732CRB(EDL), 2007 WL 963972, at *2 (N.D. Cal. Mar. 30, 2007); *see also Finjan, Inc. v. Qualys Inc.*, No. 18CV07229YGRTSH, 2020 WL 4923964, at *1 (N.D. Cal. Aug. 21, 2020) (the Rule 33(a)(1) issue "seem[s] to come up all the time in patent cases").

Niantic's Interrogatory Nos. 8–18 each cover a different subject.[15] With the exception of Interrogatory Nos. 8 and 18, they are all relevant and proportional and otherwise satisfy Rule 26(b)(1) and (2). Thus, to the extent Niantic's total number of interrogatories exceeds 25 under Rule 33(a)(1), leave is granted to serve Interrogatory Nos. 9–17.

## CONCLUSION

The court grants Niantic's discovery motion as to Interrogatory Nos. 9–17 only. This resolves ECF No. 95.

**IT IS SO ORDERED.**

Dated: May 12, 2022

_____
LAUREL BEELER
United States Magistrate Judge

---

[15] *Id.* at 1–3.