UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| NANTWORKS, LLC, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>NIANTIC, INC.,<br><br>        Defendant. | Case No. 20-cv-06262-LB<br><br>**ORDER GRANTING NIANTIC LEAVE TO AMEND ITS INVALIDITY CONTENTIONS**<br><br>Re: ECF No. 101 |

# INTRODUCTION

The parties dispute whether Niantic has good cause to amend its March 2021 invalidity contentions to cite to later-produced third-party content that was not available in March 2021.[1] The court can decide the issue without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court allows amendment because the supplements do not introduce new prior-art grounds or references.

# STATEMENT

NantWorks sued Niantic on the ground that Niantic's augmented-reality game apps infringe NantWorks' patents. In March 2021, Niantic served its invalidity contentions, which included

---

[1] Disc. Letter Br. – ECF No. 101 at 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 20-cv-06262-LB

charts for Google Maps Mobile, Layar, and Parallel Kingdoms.[2] Before serving the invalidity contentions, it had served third-party subpoenas on Google and PerBlue, the maker of Parallel Kingdoms, and it began investigating Layar, which is not in the U.S. and thus was not subject to a subpoena. Google and Layar produced documents in April and May of 2021, about two months before the court stayed the case in July 2021 to allow Niantic to pursue inter partes review.[3] The court lifted the stay on January 21, 2022.[4] PerBlue produced documents to Niantic on March 29, 2022, and Niantic produced them to NantWorks on the same day.[5]

On March 16, 2022, the parties stipulated that NantWorks would assert no more than twenty claims, and Niantic would assert no more than twenty-four prior-art references. By April 1, 2022, NantWorks had narrowed the claims, and Niantic had narrowed its prior art grounds and served its supplemental invalidity contentions.[6]

Thereafter, during the parties' meet and confer about the supplemental invalidity contentions, NantWorks apparently complained about (1) Niantic's inclusion of language in the charts that was in the March 2021 invalidity charts, (2) Niantic's copying prior-art analyses from dropped claims into retained claims, and (3) issues about Niantic's provision of the narrower prior-art grounds.[7] On April 26, 2022, Niantic re-served supplemental invalidity contentions to address the issues.[8] It submitted a redline version to demonstrate that the April 26 charts reverted to the original March 2021 invalidity contentions except for certain changes: (1) a clarification that Niantic's prior-art grounds are only those in the narrowed prior-art grounds, (2) removal (at NantWorks' request) of

---

[2] Def. Niantic, Inc.'s Invalidity Contentions – ECF No. 101-1; 2021 Google Maps, Exs. A8 & B7 to *id.* – ECF No. 101-2; 2021 Layar, Exs. A12 & B13 to *id.* – ECF No. 101-3; 2021 Parallel Kingdom, Exs. A41 & B47 to *id.* – ECF No. 101-4.

[3] Order – ECF No. 71; Disc. Letter Br. – ECF No. 101 at 2.

[4] Order – ECF No. 78.

[5] Disc. Letter Br. – ECF No. 101 at 2.

[6] Order – ECF No. 90 (providing for further reductions of ten claims and twelve prior-art references after claim construction); Disc. Letter Br. – ECF No. 101 at 2; Niantic's Narrowed Asserted Prior Art Grounds & First Suppl. Invalidity Contentions, Ex. F to Joint Disc. Letter – ECF No. 101-6.

[7] Disc. Letter Br. – ECF No. 101 at 2.

[8] Niantic's Re-Served Narrowed Asserted Prior Art Grounds & First Suppl. Invalidity Contentions, Ex. E to Disc. Letter Br. – ECF No. 101-5.

language about combination of charts from Niantic's original charts, and (3) citation to third-party material for the three prior-art grounds. The last is the issue here: the joint letter addresses the third-party material discussed that was produced after the original contentions. The three prior-art grounds were all asserted in the March 2021 invalidity contentions.[9]

## ANALYSIS

Patent Local Rule 3–6 provides that:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include . . . (b) Recent discovery of material, prior art despite earlier diligent search . . . . The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions.

"In contrast to the more liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *GoPro, Inc. v. 360Heros, Inc.*, No. 16-cv-01944-SI, 2017 WL 1278756, at *1 (N.D. Cal. Apr. 6, 2017) (cleaned up). "The moving party bears the burden of establishing diligence." *Id.* (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1355 (Fed. Cir. 2006)).

"Where the moving party is unable to show diligence, there is 'no need to consider the question of prejudice,' although a court in its discretion may elect to do so." *Id.* (quoting *O2 Micro*, 467 F.3d at 1368). "Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders." *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-cv-00876-RS (JSC), 2016 WL 2855260, at *3 (N.D. Cal. May 13, 2016).

Even if the movant arguably was not diligent, the court retains discretion to grant leave to amend. *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 10-cv-3724-CW, 2013 WL 5609325, at *2 (N.D. Cal. Oct. 11, 2013) (citing *O2 Micro*, 467 F.3d at 1368). "Mistakes or omissions are not by themselves good cause." *Apple, Inc. v. Samsung Elec. Co.*, No. 12-cv-00630-LHK, 2012 WL

---

[9] Disc. Letter Br. – ECF No. 101 at 1.

1   5632618, at *5 (N.D. Cal. Nov. 15, 2012). "Courts have allowed amendments when the movant

2   made an honest mistake, the request to amend did not appear to be motivated by gamesmanship, or

3   where there was still ample time left in discovery." *Id.* (granting leave to amend when there was no

4   prejudice to the defendant); *Karl Storz Endoscopy-Am.*, 2016 WL 2855260, at *3.

Good cause exists here: Niantic acted diligently after the stay was lifted to address third-party productions, and there is no prejudice.

First, as to diligence, the subpoenas were served shortly before the stay. The last third-party production was shortly after the court lifted the stay. Then, the parties arrowed claims and prior-art grounds, and Niantic served its supplemental charts to remove the dropped claims and add material from the third parties that was relevant to the remaining claims. Then, after the parties conferred on NantWorks' disputes, Niantic promptly served its supplemental invalidity charts two business days later, showing the changes as redlines against its original charts.

Second, there is no prejudice at this early stage of claim construction, particularly because the March 2021 invalidity charts and the subpoenas disclosed Niantic's reliance on the three prior-art references at issue (Google Maps Mobile, Layar, and Parallel Kingdoms), and the third-party productions (considering the stay and the timing of the last production) were disclosed immediately and incorporated in short order in the supplemental invalidity contentions.

NantWorks' cases addressing a party's lack of diligence do not change the outcome here, primarily because they involve new prior-art references later in the case. *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, No. 14-cv-03657-SI, 2018 WL 6046465, at *3 (N.D. Cal. Nov. 19, 2018) (denying leave to amend invalidity contentions and add new references nine months after filing its invalidity contentions); *Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc.*, No. C 12-05791 WHA, 2014 WL 186405, at *2 (N.D. Cal. Jan. 16, 2014) (denying leave to amend when the defendant moved to add six references that had been available for decades less than a month before the close of fact discovery); *Genentech, Inc. v. Trs. of Univ. of Penn.*, No. C 10-2037 LHK (PSG), 2011 WL 3204579, at *1 (N.D. Cal. July 27, 2011) (denying leave to amend where the plaintiff relied on "new" references months earlier to file an earlier motion); *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 3443835, at *1–2 (N.D. Cal. Aug. 8, 2011)

1  (moving to amend invalidity contentions after the close of fact discovery was not diligent); *Par*

2  *Pharm., Inc. v. Takeda Pharm. Co.*, No. 5:13-cv-01927-LHK-PSG, 2014 WL 3704819, at *2

3  (N.D. Cal. July 23, 2014) (defendants sought to add five additional references and two additional

4  enablement and written description arguments six months after claim-construction briefing was

5  filed). Similarly, NantWorks cites *Oracle* to support its contention that adjusting invalidity

6  contentions after the patent holder commits to its claim-selection position amounts to

7  "sandbagging." *Oracle Am.*, 2011 WL 3443835, at *2. But, again, there is no sandbagging here

8  because the supplemental invalidity contentions were served shortly after the parties stipulated to

9  narrow their asserted claims and prior-art references. The parties stipulated that Niantic would file

10 narrowed invalidity contentions after NantWorks filed its narrowed asserted claims chart.

11     NantWorks also cited to *Uniloc*, where the court denied Google's motion to supplement its

12 invalidity contentions for lack of diligence in discovering and then disclosing prior art. *Uniloc*

13 *2017 LLC v. Google LLC*, No. 2:18-cv-00503-JRG-RSP, 2020 WL 709557, at *1–2. (E.D. Tex.

14 Feb. 10, 2020). While searching for prior art, Google identified third parties as having potentially

15 helpful information on May 6, 2019. It acquired some publicly available information but, thinking

16 that the third parties might have more information, subpoenaed them on July 10, 2019. It served its

17 invalidity contentions on July 15, 2019. The three third parties produced information on July 22,

18 August 5, and September 9, respectively. Google did not inform Uniloc of the third-party

19 disclosures until October 22, 2019, when it moved to supplement its invalidity contentions. By the

20 time Google submitted its motion to supplement, the parties had submitted "complex" case-

21 construction briefing, and the court had held a *Markman* hearing. *Id.* (also noting the parties'

22 disclosures and filings under the patent local rules in September and November 2019). *Id.* at *1.

23 The timeline is different here: there is the stay, the stipulated narrowing of claims and prior-art

24 references after the stay was lifted, the agreement to amended contentions, the prompt disclosure

25 of information when received, the parties' meet-and-confer between the April 1 and April 26

26 invalidity contentions, and the relatively nascent stage of claim construction.

27     NantWorks also contends that the block quotes in the invalidity contentions violate Patent

28 Local Rule 3–3, which requires "a chart identifying specifically where and how in each alleged

item of prior art each limitation of each asserted claim is found. Patent L.R. 3–3(c).[10] The three-line argument is not enough for the court to address the issue.

## CONCLUSION

The court grants Niantic leave to serve its April 26 supplemental contentions.

This disposes of ECF No. 101.

**IT IS SO ORDERED.**

Dated: May 29, 2022

LAUREL BEELER
United States Magistrate Judge

---

[10] Disc. Letter Br. – ECF No. 101 at 3–4; *see, e.g.,* Apr. 26 Google Maps, Ex. G to *id.* – ECF No. 101-7 at 2 (adding reference to 942 pages produced by Google).

ORDER – No. 20-cv-06262-LB             6