1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

NANTWORKS, LLC, et al.,

       Plaintiffs,

    v.

NIANTIC, INC.,

       Defendant.

Case No. 20-cv-06262-LB

**DISCOVERY ORDER**

Re: ECF No. 106

NantWorks moved for leave to file a motion for reconsideration of the court's order compelling it to respond to Niantic's Interrogatory No. 9, which asks for financial information from April 8, 2011 to the present.[1] In the earlier order, the court held that the information sought was relevant to damages and discoverable.[2] The court partially granted NantWorks' motion for reconsideration to allow it to raise new arguments about burden, which implicated proportionality, and ordered the parties to confer and raise any disputes in a new letter.[3] The parties could not resolve the dispute and filed the pending joint letter.[4]

---

[1] Mot. – ECF No. 103 at 5–8. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Joint Disc. Letter – ECF No. 95 at 2; cited in Order – ECF No. 96 at 2.

[3] Order – ECF No. 104.

[4] Joint Letter – ECF No. 106.

ORDER – No. 20-cv-06262-LB

1    To the extent that NantWorks continues to argue relevancy, the court allowed reconsideration

2    only on the issue of burden and proportionality. The court does not revisit the earlier holding on

3    relevancy.

4    The main issue is whether discovery sought in the interrogatory — from April 8, 2011, to the

5    present — is proportional given that NantWorks' asserted patents were issued on September 3,

6    2019, and May 26, 2020. Niantic has not shown that financials reaching back to 2011 are

7    proportional to the case. It contends that they are because NantWorks is seeking millions of

8    dollars. To support that conclusion, it cites *Synchronoss Techs. v. Dropbox.*[5] No. 4:16-cv-00119-

9    HSG (KAW), 2018 WL 4613151, at *3, *6 (N.D. Cal. Sept. 26, 2018) (defendant is entitled to

10   obtain documents "relating to licenses that would be relevant to ascertaining, quantifying, or

11   confirming the damages amount resulting from infringement of the very patents asserted in this

12   case, such as through any of the *Georgia-Pacific* factors" and that the discovery was proportional

13   despite implicating over 100,000 documents in the possession of over fifty custodians). But that

14   case does not compel the conclusion that the burden or expense of discovery since 2011 — in a

15   case involving asserted patents from 2019 and 2020 — does not outweigh the likely benefit of the

16   discovery. *Woods v. Google, LLC,* No. 11-cv-01263-EJD (VKD), 2018 WL 5941122, at * 1 (N.D.

17   Cal. Nov. 14, 2018). Absent any reasonable argument supporting a longer timeframe, the court

18   adopts NantWorks' proposal and limits the scope of the response to Interrogatory No. 9 responses

19   from 2019 through the present.

20   This resolves ECF No. 106.

21   **IT IS SO ORDERED.**

22   Dated: June 13, 2022

23                                                  _____

24                                                  LAUREL BEELER
                                                    United States Magistrate Judge

25

26

27

28   _____
     [5] *Id.* at 1.

United States District Court
Northern District of California