UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| NANTWORKS, LLC, et al., | Case No. 20-cv-06262-LB |
| Plaintiffs, | |
| v. | **ORDER ON NANTWORKS' MOTION TO RECONSIDER** |
| NIANTIC, INC., | Re: ECF No. 110 |
| Defendant. | |

## INTRODUCTION

NantWorks moved for reconsideration of the court's order granting Niantic leave to amend its invalidity contentions.[1] The court allowed amendment for good cause because Niantic had a limited, narrowly tailored amendment based on newly discovered information from third parties and timely supplemented its earlier charts to add the citations to the newly discovered documents. It also found no prejudice to NantWorks given the overall timeline and the case schedule.[2] NantWorks contends that the court (1) did not apply the good-cause standard when it allowed amendment, (2) improperly

---

[1] Mot. – ECF No. 110; Order – ECF No. 105. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 105.

ORDER – No. 20-cv-06262-LB

1  held that Niantic acted diligently because the timeline for amendment shows significant delays by
2  Niantic, and (3) ignored the prejudice to NantWorks.[3]

3  The court can decide the motion for reconsideration without oral argument. N.D. Cal. Civ. L.R.
4  7–1(b). The court denies the motion: it applied the good-cause standard, and Niantic was diligent
5  under the overall case timeline. That timeline also established a lack of prejudice to NantWorks.

**ANALYSIS**

For an interlocutory order to justify reconsideration, a movant must show the court's failure to consider material facts or dispositive legal arguments that were "presented to the court" before the court issued the order. N.D. Cal. Civ. L.R. 7–9(b). Reconsideration generally is disfavored but is appropriate if there is clear error. *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). There is no failure to consider material facts or dispositive legal standards that justifies reconsideration here.

First, the court applied the good-cause standard under Patent Local Rule 3-6.[4]

Second, the court did not misapprehend facts in assessing Niantic's diligence and the lack of prejudice to NantWorks.

Niantic was diligent when it served its initial contentions in March 2021. It identified, developed, and charted the three references at issue: Google Maps Mobile, Layar, and Parallel Kingdoms.[5] It served subpoenas to Google and PerBlue, and it investigated U.K. company Layar.[6] It prepared and served invalidity contentions with 102 claim charts and a 220-page cover pleading.[7]

It also was diligent when it moved to amend its contentions after receiving third-party document productions. It received document productions from Layar and Google on April 28 and

---

[3] Mot. – ECF No. 110.

[4] Order – ECF No. 105 at 3–6.

[5] *Id.* at 2 & n. 2 (summarizing record).

[6] *Id.* at 2.

[7] Niantic's Invalidity Contentions – ECF No. 101-1.

ORDER – No. 20-cv-06262-LB                   2

May 21, 2021, shortly before Niantic filed its motion to stay on June 15, 2021.[8] During that period, it proposed narrowing the number of asserted claims and prior art references.[9]

After the court lifted the stay on January 21, 2022, it set a new schedule that effectively restarted the claim-construction process.[10] Niantic obtained documents from PerBlue on March 29, 2022, and produced them immediately to NantWorks.[11] On April 1, 2022, which was the parties' agreed-to date, Niantic served its amended contentions claim charts with its narrowed disclosure of prior-art references.[12] The parties conferred about the charts, which resulted in Niantic's serving amended charts on April 26, 2022. The disputed parts of the charts generally were the citations to the third-party material for the prior art.[13]

The court did not misapprehend the facts. NantWorks disagrees about whether the timeline establishes diligence and focused on the days between the acquisition of third-party material and amendment. The court's analysis was not so narrow and focused on the overall circumstances of the case, including pre- and post-stay activity. It also considered the parties' case-narrowing procedure.[14] Also, pragmatically, the time needed to amend the contentions from the receipt of the documents, especially given the narrowing process, seemed appropriate and supported the court's conclusion about diligence. The inquiry is not an arithmetic timeline analysis: the issue is whether the amendment is consistent with good cause under the circumstances.

Niantic's cited authority does not compel a contrary conclusion, as the court said previously.[15] *MLC*, for example, involved Micron's newly disclosed obviousness theories predicated on new combinations and disclosures relying on three references that it had relied on previously as part of

---

[8] Order – ECF No. 105 at 2; Mot. to Stay – ECF No. 62.

[9] Chen Email, Ex. 6 to Mot. to Stay – ECF No. 62-7 at 2–4.

[10] Order – ECF No. 78; Order – ECF No. 80.

[11] Order – ECF No. 105 at 2.

[12] *Id.*; Niantic's Narrowed Asserted Prior Art Grounds and First Suppl. Invalidity Contentions – ECF No. 101-6.

[13] *Id.* at 2–3; *see also* Reply – ECF No. 123 at 7 (referencing a new reference to an old document).

[14] Order – ECF No. 105 at 1–5 (timeline and analysis).

[15] *Id.* at 4–5 (distinguishing cases).

other theories. *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, No. 14-cv-03657-SI, 2018 WL 6046465, at *3–4 (N.D. Cal. Nov. 19, 2018) (denying leave to amend invalidity contentions for an amendment that relied "exclusively on the same, recycled prior art" and added new theories based on those references). By contrast, Niantic did not add new invalidity theories or contentions and only supplemented its charts based on newly received third-party documents. Again, the overall timeline and circumstances establish diligence.

The court also did not misapprehend or overlook material facts in assessing the prejudice to Niantic. There was no disruption to the case schedule. *Google LLC v. Sonos, Inc.*, No. 20-cv-03845-EMC (TSH), 2021 WL 4061718, at *6 (N.D. Cal. Sept. 7, 2021) ("Courts routinely find no prejudice where, as here, the proposed amendments pose no risk to discovery and motions deadlines or the trial schedule.").

Finally, NantWorks' argument — that Niantic violated Patent Local Rule 3–3 by block quotes in its amended charts — does not compel reconsideration either. NantWorks contends that its earlier three-line argument was sufficient because Niantic has the burden to justify its amendments.[16] As Niantic counters, this argument does not negate good cause for the amendment.[17] The charts comply with Rule 3–3: they have substantial content that gives notice. The issue is the charts' citation to additional documents. The court is not aware of any authority, and the parties cite none, that prohibits citations like the ones here. Also, the issue is whether there is good cause for the amendment. The court has concluded that there is.

# CONCLUSION

The court denies the motion for reconsideration. This resolves ECF No. 110.

**IT IS SO ORDERED.**

Dated: July 20, 2022

LAUREL BEELER
United States Magistrate Judge

---

[16] Mot. – ECF No. 110 at 13.

[17] Opp'n – ECF No. 119 at 13–15 (citing Order – ECF No. 105 at 3).

ORDER – No. 20-cv-06262-LB           4