UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| NANTWORKS, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NIANTIC, INC., <br><br> Defendant. | Case No. 20-cv-06262-LB <br><br> **ORDER DENYING IMMEDIATE APPEAL** <br><br> Re: ECF No. 150 |

## INTRODUCTION

NantWorks sued Niantic for infringing NantWorks' three patents in Niantic's augmented-reality (AR) game apps Pokémon Go and Harry Potter: Wizards Unite. Both games use the camera and GPS system on a mobile device and an AR platform to superimpose AR objects onto digital representations of a mobile device's actual surroundings. For example, the game app Pokémon Go sends users on scavenger hunts to collect virtual objects (such as Pokémon characters), which are represented on the mobile device as if they are in the player's real-world location.[1]

U.S. Patent No. 10,664,518 (the '518 patent) is directed to the mapping of AR objects and their appearance on a device's display. Niantic previously moved for judgment on the pleadings

---

[1] Third Am. Compl. – ECF No. 50. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 20-cv-06262-LB

1  on the ground that the '518 claims are directed to an abstract idea — providing information based
2  on a location on a map — and lack an inventive concept.[2] The court granted the motion.[3]
3      The parties now dispute whether the order on the '518 patent should be certified for immediate
4  appeal under Federal Rule of Civil Procedure 54(b) or 28 U.S.C. § 1292(b). NantWorks argues
5  generally that the order is effectively a final judgment on the '518 patent and that staying the case
6  while that order is appealed would be most efficient. Niantic counters that there is no reason to
7  depart from the policy against "piecemeal" appeals.[4] The court denies an immediate appeal
8  because the requirements under Rule 54(b) and § 1292(b) are not satisfied.

## ANALYSIS

    First, § 1292(b) provides a means for litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals. 28 U.S.C. § 1292(b). The Federal Circuit, of course, would have appellate jurisdiction here. *Id.* § 1292(c)(1). The district court may certify an order for interlocutory appellate review under § 1292(b) if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* "Such appeals are rarely granted" by the Federal Circuit. *Nystrom v. TREX Co.*, 339 F.3d 1347, 1351 (Fed. Cir. 2003).

    Here, the requirements are not met. Among other reasons, there is not substantial ground for difference of opinion. For example, in its argument otherwise, NantWorks does not address the order's holding that the '518 patent's claims — even when considered in light of the specification (at *Alice* step one) or the complaint's factual allegations (at *Alice* step two) — establish only novelty.[5] Yet the odds are slim that a software patent can survive the *Alice* test in that scenario.

---

[2] Mot. – ECF No. 140.

[3] Order – ECF No. 149.

[4] Joint Case-Mgmt. Statement – ECF No. 150.

[5] Order – ECF No. 149 at 11–13; '518 Patent – ECF No. 114-3 at 11 (col. 1 ll. 26–37, 47–55; col. 2 ll. 3–8), 12 (col. 4 ll. 48–52); Third Am. Compl. – ECF No. 50 at 15–16 (¶¶ 41–44).

*Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335–36 (Fed. Cir. 2016) (in "virtually all of the computer-related § 101 cases [the Federal Circuit had] issued" as of 2016, the step-one inquiry effectively turned on "whether the focus of the claims [was] on [a] specific asserted improvement in computer capabilities"); *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1292–93 (Fed. Cir. 2020) (the inquiry "often" turns on that question) (collecting many cases); *cxLoyalty, Inc. v. Maritz Holdings Inc.*, 986 F.3d 1367, 1378–80 (Fed. Cir. 2021) (novelty insufficient at either step). Also, the parties cited no Federal Circuit decisions accepting a § 1292(b) appeal of a Rule 12 patent-invalidity order, and there appear to be none.

Second, Rule 54(b) provides that "[w]hen an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Federal Circuit applies its own law to this jurisdictional issue. *Spraytex, Inc. v. DJS&T*, 96 F.3d 1377, 1379 (Fed. Cir. 1996). "A judgment is not final for Rule 54(b) purposes unless it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Rsch. Assocs., Inc.*, 975 F.2d 858, 861–62 (Fed. Cir. 1992) (cleaned up). The determination of whether "there is no just reason for delay" is within the court's discretion. *Spraytex*, 96 F.3d at 1379. The court may weigh "[t]he need for immediate appeal," "the policy against piecemeal review," and "[t]he separateness of the claims for relief." *Id.* at 1382; *W.L. Gore & Assocs.*, 975 F.2d at 862 (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

Here, there is no just reason for delay. The '518 patent is the second patent the court has invalidated and NantWorks did not request an immediate appeal for the first one, thus raising doubt that dismissal of some patent-infringement claims in a (pure) patent-infringement suit creates a "need" for immediate appeal. Also, the court construed some claims terms common to the '518 patent and the remaining patent, including that for the general technology at issue (augmented reality).[6] That shows conceptual overlap between the patents that creates some

---

[6] Claim-Construction Order – ECF No. 135 at 2.

efficiency for the Federal Circuit's considering just one appeal. In this ordinary case where some claims have been dismissed, the court will adhere to the policy in favor of one appeal.

## CONCLUSION

The court denies an immediate appeal of the Rule 12(c) order.

This resolves ECF No. 150.

**IT IS SO ORDERED.**

Dated: March 24, 2023

LAUREL BEELER
United States Magistrate Judge