SULLIVAN BLACKBURN PRATT LLP
Matthew K. Blackburn (CSB No. 261959)
mblackburn@sullivanblackburn.com
Evan E. Boetticher (CSB No. 274377)
evan.boetticher@sullivanblackburn.com
456 Montgomery Street, Suite 900
San Francisco, California 94104-1242
Tel: 415.691.4518 | Fax: 415.996.2955

*Attorneys for Plaintiffs/Counter-Defendants
  NANTWORKS, LLC
  and NANT HOLDINGS IP, LLC*

COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
DENA CHEN (286452)
(dchen@cooley.com)
ALEXANDRA LEEPER (307310)
(aleeper@cooley.com)
PATRICK W. LAUPPE (322218)
(plauppe@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:   (650) 843-5000
Facsimile:   (650) 849-7400

COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

*Attorneys for Defendant
  NIANTIC, INC.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NANTWORKS, LLC, AND NANT HOLDINGS IP, LLC., <br><br> Plaintiffs and Counter-Defendants, <br><br> v. <br><br> NIANTIC, INC., <br><br> Defendant and Counter-Claimant. | CASE NO. 3:20-cv-06262-LB <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> DATE:   August 24, 2023 <br> TIME:   9:30 a.m. <br> PLACE:  Zoom Conference <br> JUDGE:  Hon. Laurel Beeler |

Plaintiffs / Counter-Defendants NantWorks, LLC, and Nant Holdings IP, LLC ("NantWorks" or "Plaintiffs") and Defendant and Counter-Claimant Niantic, Inc. ("Niantic" or "Defendant") jointly submit this further Case Management Statement.

### A.  Defendant Niantic's Statement

#### 1.  Last CMC Statement

The parties filed a CMC statement on July 20. (Dkt. 175.) Many of the issues from the prior CMC statement are now moot. Specifically, since the filing of the CMC statement, Niantic has provided email hit counts and Plaintiffs have finalized their email search terms for all five custodians. Niantic has also provided a replacement email custodian (Daniel Lederman) for John Hanke. Niantic has also begun its rolling production of emails.

The parties have also resolved their issue regarding the deposition of Ms. Beziaeva. Plaintiffs will be paying for and supplying a certified translator for Ms. Beziaeva's deposition, which will occur on September 6 and September 7, and capped at 10 hours on the record.

#### 2.  Update Since Last CMC Statement

Defendant has two pending discovery letter briefs for the Court's resolution: a motion to compel identification of the patents in the so-called "continuum" of which the '051 patent is a part (Dkt. 178), and a motion for leave to serve and to compel responses to Interrogatories 19-25 (Dkt. 180).

The parties are in the process of meeting and conferring regarding several additional discovery issues, none of which are presently ripe for the Court's involvement.

Specifically, Defendant took the deposition of Plaintiffs' sole 30(b)(6) witness on July 13-14, and noted on the record that Plaintiffs' witness was frequently nonresponsive and not prepared to testify to many of the 30(b)(6) topics. Plaintiffs' corporate witness also identified many relevant documents that Plaintiffs have yet to produce. Plaintiffs' document productions and other discovery responses remain deficient, and Defendant is entitled to the deposition of a prepared 30(b)(6) witness after production of the relevant documents. The parties are not yet at impasse on these disputes, and Defendant will raise the issue through the Court's discovery letter briefing process if the Court's involvement becomes necessary.

The parties are also discussing deposition scheduling. Plaintiffs served a 30(b)(6) deposition notice on Defendant on July 14, 2023, with a noticed deposition date of August 20, 2023. Defendant identified its 30(b)(6) witnesses and provided dates of availability on August 1, 2023. Defendant served its objections and responses to the 30(b)(6) notice on August 9, 2023. To date, Plaintiffs have confirmed the dates for only two of Defendant's witnesses, have rejected August 18 and August 29 for two other witnesses as too early (despite Plaintiffs having noticed the deposition for August 20), and have not responded to Defendant's proposed date for the final 30(b)(6) witness. Defendant is moving quickly to provide Plaintiffs with witnesses, dates, objections, and documents ahead of the required deadlines in order to facilitate these depositions before close of fact discovery, but requires Plaintiffs' cooperation to do so.

As for Plaintiffs' witnesses, on July 19, 2023, Defendant noticed the deposition of Plaintiffs' employee Jake Fyfe for August 8, 2023. Despite repeatedly requesting that Plaintiffs provide Mr. Fyfe's availability, Plaintiffs have not provided Mr. Fyfe's availability. It has now been nearly a month since Defendant noticed the deposition of Mr. Fyfe, and with fact discovery less than a month away, it is imperative that the parties confirm a date for Mr. Fyfe's deposition as soon as possible.

### 3.     Response to Plaintiffs' Statement Below

In the section below, Plaintiffs erroneously suggest that Niantic is somehow limiting access to depositions of its witnesses and that Niantic offered deposition dates "too close" to the email production deadline. Plaintiffs are incorrect.

This case has been pending since *2020*. The current schedule has been in place since *March 2023*. Plaintiffs could have served email requests and its Rule 30(b)(6) notice at any time from at least February 2022 to May 2023. It did not. By waiting until recently to serve and finalize its requests, Plaintiffs have created the present situation. As noted above, Defendant has been moving quickly to provide Plaintiffs with witnesses, deposition dates, objections,[1] and documents ahead of the required deadlines.

---

[1] Contrary to Plaintiffs' statement below, Defendant never "admitted" Plaintiffs' search terms were acceptable.

Plaintiffs also state that "Defendants have demanded the additional depositions of Mr. Wiacek, Mr. Morse, Ms. Beziaeva, and Mr. Fyfe." Niantic diligently served the deposition notices on April 3, May 9, and July 21, 2023. Based on discovery available to date, Mr. Wiacek, Ms. Beziaeva, and Mr. Fyfe are all knowledgeable about Plaintiffs' technology development, and Mr. Morse is knowledgeable about Plaintiffs' finances.

**B.     Plaintiff NantWorks' Statement**

The Parties currently have two discovery letters before the Court. Since Niantic has taken this opportunity to make its argument, NantWorks is compelled to provide its side. On July 13-14, 2023, Niantic took the deposition of NantWork's 30(b)(6) witness who explained that the patent-in-suit, U.S. Patent No. 10,403,051 (the '051 patent), was one of many patents (a continuum) owned by and licensed out by Plaintiffs and Defendant's attempts to segregate the licensing and profits of the patent-in-suit from other patents was impossible. Defendant attempts to use this response to force the naming and production of *all* of Plaintiffs' *unasserted* and publicly available patents by paradoxically arguing that Dr. Soon-Shiong both gave correct answers and was unprepared to provide answers. NantWorks asserts that these other patents are immaterial to this case and equally available to Niantic, and there is no justification to place this burden on Plaintiffs.

Plaintiffs served their email search requests on June19, 2023, which was plenty of time to complete the email discovery process and arrange depositions. But Defendant objected to all of Plaintiff's requests, on June 26, 2023, entirely refusing to perform any search on the grounds that the terms violated the eDiscovery order, the window of time of the requests was too broad (although less broad than Niantic's own requests), and that its CEO was immune to discovery under the apex doctrine. The Parties could not meet until July 12, 2023, where Niantic's attorneys refused to definitively agree to anything other than admitting that most of the search terms were actually acceptable. Niantic did not inform NantWorks that it had withdrawn any of its other objections until July 18, 2023, through its draft CMC statement. NantWorks re-served its email search terms on July 19, 2023, with three of the four remaining custodian's search terms unchanged from the June 26 request. These were performed, indicating that Defendant could have performed these searches a

month earlier. Although even the cases cited by Defendant showed that the apex doctrine was inapplicable to document discovery, Plaintiffs agreed to an alternate custodian chosen by Niantic. Niantic did not provide its alternate custodian until July 25, 2023, and simultaneously limited his access for deposition to only the following three weeks. Niantic has created considerable delay in NantWorks's discovery process that the Parties are now attempting to work around. This matter is not yet ripe for the Court's review. That Plaintiffs' requests occurred in the latter part of the discovery period is immaterial since much discovery occurs near o the close of discovery and does nothing to absolve Niantic of its abuse of the eDiscovery Order by objecting to terms that it admitted were acceptable, misapplying the apex doctrine, and asserting a vague objection to a proper scope of time.

NantWorks has served its 30(b)(6) topics and Niantic provided its objections, narrowing the scope of several of NantWorks and declining to offer a witness for several others.  The Parties are currently attempting to meet and confer on Niantic's objections.

Niantic has also chosen email custodians as its 30(b)(6) witnesses and stated that they will not be made available for additional depositions, forcing Plaintiffs to wait until those custodian emails have been fully provided and reviewed before performing those depositions.  Also, after being given the leeway to choose their own custodian for email production as an alternate to Niantic's CEO, Niantic is now limiting access to that alternate for depositions. NantWorks has accepted two dates for the deposition of 30(b)(6) witness that is far enough out from the email production deadline, but rejected two that were before the email production deadline and another that was too close to the deadline.  The Parties are currently negotiating dates for deposition so these issues are also not ripe for the Court's involvement.

Defendants have demanded the additional depositions of Mr. Wiacek, Mr. Morse, Ms. Beziaeva, and Mr. Fyfe, none of whom are inventors of the '051 patent. However, Plaintiffs have accommodated Defendant and have provided or are attempting to provide deposition dates for these unexpected deposition targets.

| | |
|---|---|
| DATED: August 17, 2023 | Respectfully submitted,<br><br>SULLIVAN BLACKBURN PRATT LLP<br><br>By: /s/ Matthew K. Blackburn<br>　　Matthew K. Blackburn<br>　　Evan E. Boetticher<br><br>*Attorneys for Plaintiffs NANTWORKS, LLC and NANT HOLDINGS IP, LLC* |
| DATED:  August 17, 2023 | COOLEY LLP<br><br>By: /s/ Heidi L. Keefe<br>　　Michael G. Rhodes<br>　　Heidi L. Keefe<br>　　Dena Chen<br>　　Alexandra M. Leeper<br>　　Patrick W. Lauppe<br><br>*Attorneys for Defendant NIANTIC, INC.* |

### ECF ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I hereby attest that counsel for Plaintiffs concur in the filing of this document.

By: /s/ Heidi L. Keefe
　　Heidi L. Keefe