UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| NANTWORKS, LLC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NIANTIC, INC.,<br><br>    Defendant. | Case No. 20-cv-06262-LB<br><br>**DISCOVERY ORDER**<br><br>Re: ECF Nos. 178, 180 |

The parties have two discovery disputes. The court can decide the dispute without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court denies some of Niantic's requested discovery and defers the rest, subject to the court's guidance below, until any continuing disputes are ripe.

First, in an interrogatory first served on July 26, 2023, Niantic asks NantWorks to identify all patents or patent applications in NantWorks' self-described "continuum" of licensed technologies.[1] For now, the dispute is premature. Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories."). But the court asks the parties to meet and confer further on the issue of delineating the value of the '051 patent in the "continuum." Any further disputes can be raised with the court, but the court offers the following guidance.

---

[1] Joint Disc. Letter – ECF No. 178.

ORDER – No. 20-cv-06262-LB

Given NantWorks' practice of pooling its technologies in granting licenses, the '051 patent's relative value in the pool is relevant to NantWorks' potential damages in this case (at least under a reasonable-royalty analysis). *In re Koninklijke Philips Pat. Litig.*, No. 18-CV-01885-HSG, 2020 WL 7398647, at *9 & n.7 (N.D. Cal. Apr. 13, 2020); *LaserDynamics, Inc. v. Quanta Computer, Inc.*, No. 2:06-CV-348-TJW-CE, 2011 WL 7563818, at *3 (E.D. Tex. Jan. 7, 2011) ("Particularly where a license covers a portfolio of patents or includes other intellectual property or services, Plaintiff must present evidence sufficient to allow the jury to weigh the economic value of the patented feature against the economic value of the features and services covered by the license agreement."); *cf. Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (factor six: "that existing value of the invention to the licensor as a generator of sales of his non-patented items"). That said, the relevance may depend on NantWorks' existing damages contentions. *See Finjan, Inc. v. Cisco Sys. Inc.*, No. 17CV00072BLFSVK, 2019 WL 1168536, at *1 (N.D. Cal. Mar. 13, 2019). Also, the court is sympathetic to NantWorks' proportionality concern with identifying all patent and application numbers if there are thousands of patents or patent applications at issue.[2]

The point is that discovery targeted at delineating the relative value of the '051 patent in the continuum is relevant. In a more recent case-management statement, NantWorks described that task as "impossible."[3] If that is true, NantWorks must explain what alternate form of damages it asserts. *See* N.D. Cal. Patent L.R. 3-8(a). (The issue is also touched on regarding interrogatory nineteen below.) But the issue must at least be explored.

Second, the parties dispute whether NantWorks must respond to Niantic's interrogatories numbered nineteen through twenty-five. NantWorks contends that the interrogatories exceed Niantic's limit of twenty-five and are irrelevant and burdensome.[4]

---

[2] *Id.* at 4.

[3] Case-Mgmt. Statement – ECF No. 185 at 4.

[4] Joint Disc. Letter – ECF No. 180.

As the court previously explained, parties are often granted leave to exceed twenty-five interrogatories in patent cases, so long as the interrogatories are relevant and proportional:

> A party can only serve more than 25 interrogatories if the parties so stipulate or the court grants leave to do so. Fed. R. Civ. P. 33(a)(1). The court can grant leave "to the extent consistent with [Federal] Rule [of Civil Procedure] 26(b)(1) and (2)." *Id.* The advisory committee notes confirm that "leave to serve additional interrogatories is to be allowed when consistent with Rule 26(b)(2)" and "[t]he aim is not to prevent needed discovery." *Id.*, Advisory Committee Notes (1993 Amendment). "In patent cases in particular, where issues are often more complex than the typical federal case for which the presumptive limit was developed, leave to exceed 25 interrogatories may well be appropriate." *Protective Optics, Inc. v. Panoptx, Inc.*, No. C-05-02732CRB(EDL), 2007 WL 963972, at *2 (N.D. Cal. Mar. 30, 2007); *see also Finjan, Inc. v. Qualys Inc.*, No. 18CV07229YGRTSH, 2020 WL 4923964, at *1 (N.D. Cal. Aug. 21, 2020) (the Rule 33(a)(1) issue "seem[s] to come up all the time in patent cases").[5]

The court will thus address the disputed interrogatories under Rule 26 in turn.

Interrogatory nineteen appears to ask NantWorks to repeat its damages contentions. N.D. Cal. Patent L.R. 3-8(a). The court denies the motion to compel this interrogatory because NantWorks' damages contentions and damages-expert report will suffice. The court notes that "parties have a duty [under Rule 26(e)] to supplement or amend damages contentions when a party's damages theory shifts in some material respect." *Netfuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-CV-02352-EJD, 2020 WL 4381768, at *3 (N.D. Cal. July 31, 2020) (cleaned up) (collecting cases).

Interrogatories twenty and twenty-one call for a functional comparison of the '051 patent to NantWorks' "Scavenger Hunt" app, which has not existed for eleven years. It is true that Scavenger Hunt is mentioned in the operative complaint and was the subject of some of Niantic's requests for admission. But Niantic does not explain the relevance of whether the patentee's products practice the invention at issue. *Int'l Visual Corp. v. Crown Metal Mfg. Co.*, 991 F.2d 768, 772 (Fed. Cir. 1993) ("[I]nfringement is determined on the basis of the claims, not on the basis of a comparison with the patentee's commercial embodiment of the claimed invention."). The court denies the motion to compel these interrogatories.

---

[5] Order – ECF No. 96 at 4.

As for interrogatories twenty-two through twenty-five, they were served on July 26, 2023, so NantWorks' responses are not due yet. Fed. R. Civ. P. 33(b)(2). The court has already provided guidance on interrogatory twenty-five. Otherwise, the parties may raise a dispute if necessary after NantWorks serves its responses, with the understanding that the court will not limit Niantic to twenty-five interrogatories (including discrete sub-parts) if the interrogatories are relevant and proportional.

Finally, the court notes that although it had originally scheduled a hearing on these disputes, there are unresolved issues that are not ripe yet. Also, there appear to be new disputes percolating.[6] The parties may raise any further disputes together.

This resolves ECF Nos. 178 and 180.

**IT IS SO ORDERED.**

Dated: August 18, 2023

LAUREL BEELER
United States Magistrate Judge

---

[6] Case-Mgmt. Statement – ECF No. 185.