UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| NANTWORKS, LLC, et al., | Case No. 20-cv-06262-LB |
| Plaintiffs, | **ORDER TO SHOW CAUSE** |
| v. | Re: ECF No. 198 |
| NIANTIC, INC., | |
| Defendant. | |

On September 5, 2023, NantWorks filed an emergency motion to extend the case schedule by forty-two days due to "an unexpected change in counsel." NantWorks said it needed the extra time to "change counsel from Sullivan Blackburn Pratt LLP after the two attorneys who have been representing it recently left that firm."[1] At the time, fact discovery was to close on September 14 and expert disclosures were due on September 21, 2023.[2] NantWorks has not yet changed counsel. On September 27, 2023, Niantic moved to dismiss for lack of prosecution. A hearing on that motion is scheduled for November 2, 2023.[3] The motion is fully briefed; NantWorks' previous

---

[1] Emergency Mot. – ECF No. 190. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Scheduling Order – ECF No. 158.

[3] Mot. – ECF No. 198.

ORDER – No. 20-cv-06262-LB

1  attorneys, who now work at Lewis Roca LLP, filed an opposition, and Niantic argued in its reply
2  that those attorneys "do not represent [NantWorks]" and their "filings are unauthorized."[4]

3  The court issues this order to document these matters and due to the amount of time that has
4  now passed since the emergency motion.

5  The court first notes that NantWorks' counsel did not obtain leave to withdraw. N.D. Cal. Civ.
6  L.R. 11-5(a). Also, "[i]t is a longstanding rule that corporations and other unincorporated
7  associations must appear in court through an attorney." *D-Beam Ltd. V. Roller Derby Skates, Inc.*,
8  366 F.3d 972, 973–74 (9th Cir. 2004) (cleaned up); N.D. Cal. Civ. L.R. 3-9(b). For now,
9  NantWorks' counsel must serve all papers on the client until the client appears in the case through
10 new counsel. The court directs counsel to file proof of service within three business days of all
11 docket entries since ECF No. 190, including this order.

12 The plaintiff must participate in the litigation and risks dismissal of the case for failure to
13 prosecute it if it does not. The court issues this order to give notice to the plaintiff and its counsel of
14 the consequences of not participating in the litigation, including monetary sanctions and dismissal
15 of the case for failure to prosecute it. The motion hearing of November 2, 2023, at 9:30 a.m., also
16 will serve as a show-cause hearing. The court orders the plaintiff's counsel to appear if the plaintiff
17 does not obtain new counsel by the hearing date.

18 The next paragraphs set out the relevant legal standards.

19 Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by
20 order of the Court after written notice has been provided, reasonably in advance, to the client and
21 to all other parties who have appeared in the case." Until the client obtains other representation,
22 motions to withdraw as counsel may be granted on the condition that current counsel continue to
23 serve on the client all papers from the court and from the opposing parties. N.D. Cal. Civ. L.R. 11-
24 5(b).

---

[4] Opp'n – ECF No. 201; Reply – ECF No. 202.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A dismissal order "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

"Rule 41(b) specifically provides that the failure of the plaintiff to prosecute his claim is grounds for involuntary dismissal of the action. The courts have read this rule to require prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). "This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id*. "The law presumes injury from unreasonable delay." *Id*. "However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion." *Id*.

In *Yourish v. California Amplifier*, the Ninth Circuit applied the same five-factor standard considered in Federal Rule of Civil Procedure 37(b) cases in a Rule 41(b) case. 191 F.3d 983, 989–92 (9th Cir. 1999). "Under our precedents, in order for a court to dismiss a case as a sanction, the district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id*. at 990 (cleaned up). "We may affirm a dismissal where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Id*. (cleaned up). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and we may review the record independently to determine if the district court has abused its discretion." *Id*. (cleaned up). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant

party about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).[5]

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." *Id.* A party suffers sufficient prejudice to warrant case-dispositive sanctions where the disobedient party's actions "impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (cleaned up).

Before ordering a terminating sanction, a court must warn the plaintiff and try other sanctions first. For example, a district court's failure to warn a party that dismissal is being considered as a sanction weighs heavily against the sanction. *U.S. ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 605 (9th Cir. 1988). Although "[a]n explicit warning is not always required, at least in a case involving 'egregious circumstances,'" "[i]n other circumstances, the failure to warn may place the district court's order in serious jeopardy." *Id.* Indeed, "[f]ailure to warn has frequently been a contributing factor in [Ninth Circuit] decisions to reverse orders of dismissal." *Id.* (cleaned up).

Rules 37(d)(3) and (b)(2)(C) provide that courts must require the party failing to act, the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. "Under Rule 37(b)(2), which has the same language as Rule 37(d), the burden of showing substantial justification and special circumstances is on the party being sanctioned." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).

---

[5] "This 'test,'" the Ninth Circuit has explained, "is not mechanical." "It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow:

> Like most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just. The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof.

*Conn. Gen.*, 482 F.3d at 1096.

Federal courts use the lodestar method to determine a reasonable attorney's fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). The court calculates a "lodestar amount" by multiplying the number of hours counsel reasonably spent on the litigation by a reasonable hourly rate. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The burden of proving that claimed rates and number of hours worked are reasonable is on the party seeking the fee award. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). The court may adjust the award from the lodestar figure upon consideration of additional factors that may bear upon reasonableness. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

Ultimately, if the plaintiff does not participate in his litigation, it risks dismissal of the case for failure to prosecute it, which will result in a judgment being entered in favor of the defendant.

**IT IS SO ORDERED.**

Dated: October 20, 2023

_____

LAUREL BEELER
United States Magistrate Judge